# Petriken *against* Collier.

The testimony of a witness taken upon a commission for the purpose of proving the execution of a paper, cannot be read in evidence unless the paper be particularly described, identified and annexed to the deposition.

ERROR to the Common Pleas of *Columbia* county.

Nathan Collier against David Petriken, James Madden and Reuben Winslow, trading in the name of Petriken, Madden & Co. This was an action on the case, in *assumpsit,* founded upon a due-bill for $656.86. The writ was served upon Petriken alone. To prove the execution of the due-bill, the plaintiff offered in evidence a deposition taken upon a commission to the State of Maryland, in which were the following interrogatory and answer:—

"Are you acquainted with the handwriting of the defendant and that of each of his partners? have you seen each of them write, and which of them? If aye, is the signature, 'Petriken, Madden & Co.,' to the due-bill to be exhibited to you, dated 28th Dec. 1839, in favour of Nathan Collier, for a balance on settlement for

[Petriken v. Collier.]

work $488.86, and $168 on due bill, the handwriting of either of them, and which?"

Answer.—"Yes; acquainted with handwriting of defendant and his partners; have seen them all write. The due-bill dated 28th Dec. 1839, signed 'Petriken, Madden & Co.,' is in the handwriting of James Madden."

The defendant objected to this interrogatory, and the answer to it, on the ground that the exhibit referred to is not attached to the deposition or commission, or returned by the commissioner. The court overruled the objection, and the note was read as follows:—

"Dec. 28, 1839: Due Nathan Collier a balance on settlement for work, four hundred and eighty-eight dollars and eighty-six cents, and one hundred and sixty-eight dollars on due-bill.

    $488.86                          PETRIKEN, MADDEN & Co.
     168.00
    ───────
    $656.86."

*Comley* and *Greenough*, for plaintiff in error, cited *Gressly's Eq. Ev.* 81; 2 *Yeates* 213; 2 *Whart. Dig.* 420, *pl.* 367; 4 *Wash. C. C.* 323.

*Montgomery* and *Cooper*, contra, argued that it was only necessary to identify the paper; that there was no virtue or additional security in annexing it to the deposition.

The opinion of the Court was delivered by

ROGERS, J.—It does not strike me that the interrogatories mentioned in the first bill can be considered as leading, for there is nothing to indicate the answer expected from the witness; and this is the test, as is ruled in 9 *Watts* 164.

But the answer to the sixth interrogatory is objected to because the exhibit referred to, viz., the due-bill on which the suit is brought, is not attached to the deposition or commission as returned by the commissioners. This is a fatal exception; for unless the exhibit is identified with much more precision than has been observed here, it would lead to deception and fraud. It is impossible to know, with any degree of certainty, whether the due-bill offered in evidence is the same as proved by the witness. The only identification is by its date, and the names of the defendants, and the handwriting of one of them, James Madden. If, in addition, it contained the name of the person to whom it is made payable, and the amount due, there would be less force in the objection; but even then, it is better to attach it to the deposition or commission, or authenticate it by some mark put upon it by the commissioner or justice. In Chancery, the mode of authentication

VII.—50

[Petriken v. Collier.]

is by making the following endorsement on the document proved by the witness. *Gressly's Eq. Ev.* 81.

"In Chancery, between J. K., plaintiff *v.* L. M., defendant.— At the execution of a commission for the examination of witnesses in this cause, this paper (a parchment) writing was produced and shown to N. M., a witness sworn and examined, and by him deposed unto at the time of the examination, in the complainant's (or defendant's) behalf.

A. B.<br>C. D."

When a deposition refers to books of account, copies of them, at least, should be produced, properly authenticated, to entitle the whole deposition to be read. 2 *Yeates* 205.

And, to guard against deception, it has ever been held, that although exhibits come in the same envelope with the commission, if they are not identified by marks or references, they ought not to be received. 4 *Wash. C. C. R.* 323.

The cause of action is defectively set out in the declaration, but if there was nothing else, we would not reverse the judgment for that reason, as, after verdict, we would hold it good as a statement. *Vide* the Act of 1806.

Judgment reversed, and *venire de novo* awarded.