## SUPREME COURT.

Nelson S. Butler and others agt. O. C. Lee and others.

This court has no power to order a *draft,* upon which the action is brought, to be delivered to defendants, for the purpose of being annexed to a commission to be inspected by defendants' witnesses residing out of the state.

This is an appeal from so much of an order made at special term, by Justice Davies, *as requires the original draft or bill of exchange, on which the action was brought, to be annexed to the commission* to examine certain witnesses in Iowa for the defendants, the draft or bill of exchange to be delivered by the plaintiffs, or their attorney, to the clerk of this court for that purpose, who shall, before annexing the draft to the commissioner, cause a *photograph* of said draft to be taken, at the expense of the defendants,

to be allowed them as disbursements in the action in case of their recovery.

The defence set up in the answer is, that the draft was in fact drawn for $10, and was afterwards altered, without the defendants' knowledge or consent, to $100.

MILLER, PEET & NICHOLS, *for plaintiffs.*
AMOS K. HADLEY, *for defendants.*

SUTHERLAND, Justice. We think that part of the order at special term appealed from, should be reversed, with ten dollars costs. Whe find neither precedent nor principle authorizing that part of the order. (19 *N. Y. R.*, 9; 1 *Duer*, 652; 1 *Kern.*, 575; 3 *R. S.*, 293.)

The Code (§ 388) and the Revised Statutes have prescribed a mode in which the defendants and their witnesses can have an inspection of the draft, if necessary, here, and within the jurisdiction of this court; but we see no power in the court to compel the plaintiffs' to part with their property (the draft) in the manner and for the purposes contemplated by this order.