Lyon v. Barrows.

## Lyon v. Barrows.

1. COMMISSION TO TAKE DEPOSITIONS. Under § 4069, of the Revision of 1860, it is sufficient in a commission to take a deposition in the United States or Canada, to name the county and State in which the Commissioner resides. When the deposition is to be taken in a foreign country, the commission should state the name of the city or town in which the officer resides.

2. DEPOSITION: EXHIBITS. A deposition should not be suppressed on the ground that the witness referred to certain deeds which were not set out as exhibits, when it appears that the deeds and notes were not under the control of the witness, were not the basis of the action, and there was no dispute as to their contents.

*Appeal from Scott District Court.*

THURSDAY, JUNE 17.

ACTION for moneys received by defendant as plaintiff's agent.    The facts necessary to an understanding of the questions raised on the record are stated in the opinion of the court.    Judgment for plaintiff, and defendant appeals.

Lyon v. Barrows.

*Davison & True* for the appellant.

*Bennett* for the appellee.

BALDWIN, C. J. — The court overruled a motion of defendant to suppress the deposition of the plaintiff, taken in this cause, and also to suppress certain interrogatories and the answers thereto. This ruling is the error assigned.

This deposition was taken in pursuance of a commission directed to Arnon Lemmon, a Notary Public in and for Harrison County, State of Ohio. The officer states, in his return, that it was taken at his office, in the town of Cadiz, in said county and State.

It is claimed by the counsel of appellant that the officer who issued the commission failed to state therein the name of the city or town in which such Notary resided, and for this reason the deposition should have been suppressed.

The question thus made involves a construction of § 4069, of the Revision. Was it intended by the Legislature, that when a deposition was to be taken upon commission within the United States and Canada, that the residence of the Notary or Commissioner should be stated, or does this language apply in cases only where the deposition is to be taken outside of the United States or Canada?

It is matter of doubt, from the peculiar manner in which the sentence in the latter portion of this section is formed, as to what should be the proper construction of this provision of the statute. Judging, however, from the object and design of requiring such residence to be stated, we are inclined to the opinion that the court below did not err in its view of the question. When a deposition is to be taken upon commission and interrogatories, the only object in stating where the Commissioner or Notary resides is, to give the opposing party an opportunity to be present and see that no unfair means are employed to prevent a fair and full statement by the witness. Where a commission

issues to a Notary Public, if within the United States or Canada, and the county is named where such officer resides, there is certainly sufficient·stated to comply with the design of the Legislature. It is not true within our own state, nor do we believe it to be the case in any of the other states, that a Notary can hold his office in any county of the state. His jurisdiction is limited to the county of his residence. Hence if the county and state where the deposition is to be taken, and the officer who is to take the same, are each named, the residence or office of such officer can be readily ascertained.

Where, however, the parties may desire to take a deposition in some foreign country, the Legislature have thought proper to require the city or town in which the officer resides to be stated. We think there is good reason for this requirement. The parties, for instance, may desire to take the deposition before a consul, in some country where there are no such political subdivisions as counties, or where the jurisdiction of such officer is only coëxtensive with the limits of the city to which he has been commissioned. In such cases the city should be named, in which such consul resides. To compel the party, against whom the deposition is sought, to ascertain where such consul resides, might be attended with costs and trouble that would be unjust.

We think that when the deposition is to be taken in the United States or Canada, that if the commission is directed to a Notary Public in and for a certain county named, it is all that is required, and that such was the intention of the Legislature.

The next objection is, that the deposition shows that a deed and certain notes were referred to by the witness, copies of which were not attached as exhibits, and made part thereof.

In the first place, we say, that the witness shows that the deed is not in his possession or under his control; nor

does it appear that he had the notes under his control at the time the deposition was taken. Again, neither are these notes or the deed the basis of the plaintiff's action; nor is there any dispute about their contents. They are referred to, incidentally, to show the date of the sale of a certain tract of land, and the consideration received, and are not exhibits within the meaning of the statute.

Affirmed.