## MOBLEY AND WIFE *vs.* LEOPHART ET AL.

[BILL IN CHANCERY TO FORECLOSE MORTGAGE, AND TO SET ASIDE PRIOR PRO-
BATE DECREE AS FRAUDULENT AND COLLUSIVE.]

1. *Publication against non-resident defendants, and decree pro confesso thereon.*—A decree *pro confesso,* based upon an order of the register, published in a newspaper in the city of Columbus, Georgia, which order was made in a suit pending in the county of Barbour, in this State, is not void, if the order of the register directs the publication so to be made. The newspaper in which such an order may be published is discretionary with the chancellor, or the register, and this court will not control such discretion, if the place of publication is not made a matter of objection in the court below.

2. *Exhibits ; proof of.*—When promissory notes, which are exhibits to the bill, are to be proved in a foreclosure suit, it is no sufficient objection to interrogatories to witnesses, called to prove such notes by their depositions, that the notes are not attached to the interrogatories. If the opposite party wishes copies of such notes in order to cross-examine, he can get them from the register.

3. *Wife's statutory separate estate; husband's receipt from guardian of wife.*—The husband may receive from his wife's guardian his wife's statutory separate estate, and receipt for the same ; and if the receipt is in full of all demands, it is, if unimpeached, a full discharge in law and equity of the guardian.

4. *Same; decree against guardian and father, in favor of ward and daughter, postponed to lien of mortgage by guardian, in favor of bona-fide creditor.*—In such a case, when the father is the guardian, a decree rendered in favor of the husband and his wife, who is the ward, for her use, after the giving of such receipt, against the guardian, for a considerable sum of money still remaining in the hands of the guardian, and no *fieri facias* has ever been issued on such decree to enforce collection of such decree, it has no such lien against the property of the guardian as will be preferred to the lien of a mortgage of the defendant in such decree, when it appears that the mortgagee is a *bona-fide* creditor of such defendant, and that the mortgage was made and recorded during the suspension of the *fieri facias* on said decree.

APPEAL from the Chancery Court of Russell.

Heard before the Hon. B. B. McCRAW.

The facts are sufficiently stated in the opinion.

G. D. & G. W. HOOPER, for appellants.—1. The decree *pro confesso* against the non-resident defendants must reverse the chancellor's decree. The recitals in it are not sufficient to sustain it.—*Hartley v. Bloodgood*, 16 Ala. 233; *Bogiar v. Darden and Wife*, 41 Ala. 322.

2. The publication itself was totally insufficient, being made in a newspaper published in Georgia.

3. Some of the complainants totally failed to prove their debts as alleged, and the bill ought to have been dismissed for that reason.—*Moore v. Moore*, 17 Ala. 631; *Wilkins v. Judge*, 14 Ala. 135; *Clarkson v. DePeyster*, 3 Paige, 336; Story's Eq. Pl. 392.

J. M. RUSSELL, and STONE, CLOPTON & CLANTON, *contra.*

PETERS, J.—This is a bill in chancery, filed by Leophart and others, to foreclose a mortgage, executed to them by one Earle on certain real and personal property, to secure sundry debts named in the mortgage to Leophart and others, as mortgagees, and to set aside and suspend the lien of a decree of the probate court of Barbour county, in this State, in favor of Mobley and his wife, for her use, rendered against said Earle, as the guardian of Mrs. Mobley, who was the daughter of Earle, and had intermarried with Mobley, upon the grounds that said decree operated as a lien on the lands and other property conveyed in said mortgage, and that said decree had been procured in fraud of complainants' rights under said mortgage. Said decree was for the sum of $12,054 61, when in truth there was really nothing due and owing from Earle to his said ward at the time said decree was rendered. And this was well known to said Mobley and his said wife. This decree was rendered on the 14th day of December, 1868, and the mortgage was executed, and properly recorded, or filed for record, on the 20th day of January, 1869. It does not appear that any writ of *fieri facias* was ever issued, or attempted to be issued, on said decree for its collection, or that any such *fieri facias* had ever been received by the sheriff of said county, and properly kept up, as required

by law, when said mortgage was executed and recorded. It also appears that, on the 16th day of September, 1867, Mobley, the husband of the ward, executed and delivered to Earle, as her guardian, the following receipt in writing:

"COLUMBIA, S. C., Sept. 16th, 1867.

"Received of Thompson Earle, guardian of E. S. M. Earle, eight thousand dollars, in full of all demands as guardian.           J. B. MOBLEY."

This was some time before the date of said decree, and it was known to Mobley and wife.

This suit seems to have been commenced on the 1st day of May, 1869, after the law-day of the mortgage had expired, and all the mortgagees join as complainants, except A. M. Allen & Co., of Columbus, Georgia, a firm composed of Augustus M. Allen and Asbury Johnson, who are made defendants to the bill. Earle and Allen & Co. are shown to be non-residents, and are brought in by publication and decree *pro confesso.* Mobley and wife were served with process, and they answer the bill without oath, the same being waived by complainants. In their answer they deny all the material allegations of the bill, and demur, for want of equity, and for several other reasons; but no notice is taken of the demurrer in the decree of the court below, or in the assignments of error in this court.

The learned chancellor decreed in favor of the complainants below, and Mobley and wife bring the case here by appeal. In this court, a summons and severance was allowed as to Earle, and Allen & Johnson, the co-defendants of Mobley and wife; and Mobley and wife only join in the assignment of error in this court.

The demurrer of the defendants. will not be considered in this opinion, as it may be presumed to have been abandoned.

The assignments of error, assailing the regularity of the decrees *pro confesso* against the defendants, Earle, and Allen & Johnson, can not be sustained. The record shows that all the proper steps were taken to authorize these decrees. Affidavit of the age and non-residence of these defendants was properly made, and an order for their ap-

pearance was duly made by the register, and published in a newspaper, as ordered by him, which newspaper was published at the city of Columbus, in the State of Georgia. The objection to these decrees seems to be founded on the fact, that the order of the Register was published in a newspaper in the city of Columbus, in the State of Georgia. This objection can not avail to defeat the decrees. The place of publication of such orders is a matter of discretion with the chancellor, or the register, and if the publication is made "in such newspaper as may be designated in the order," this is enough. This court will presume, in such a case, that the chancellor, or register, has rightly exercised his discretion.—Rev. Code, § 3339 ; Rules Chancery Practice, No. 22. Besides, such decrees are merely interlocutory, and may be set aside, or amended, in the court below, if they have been irregularly taken. It is within the power of the chancellor to correct all orders and decrees taken before the register, so as to make them conform to law and justice.—Rev. Code, § 636, cl. 6 ; Rules Chancery Practice, No. 2. The cause is not at issue until all the defendants have been served with process of subpœna, or have answered, or have been brought in on publication and decree *pro confesso.*—Revised Code, p. 829 ; Rules Chancery Practice, No. 48. But parties who proceed to cross-examine witnesses, and submit the cause for final decree, can not be permitted in this court to raise such an objection for the first time in this court, when the defendants against whom the alleged irregular decrees *pro confesso* have been taken, do not appear and assign errors in this court.

There was nothing improper in the interrogatories to the witnesses Leophart, for it was not necessary that the notes sought to be proven should be annexed to both sets of interrogatories. This was impossible. These notes were exhibits to the bill. If the defendants, Mobley and wife, desired copies of these notes for inspection, or for any other purpose, such copies could have been procured from the register.—Rev. Code, § 3331. The interrogatories in both series seem to be proper, and the witness Mi-

chael Leophart, in his answer, refers to the notes "as attached to the direct interrogatories in this case." And in John S. Leophart's answer to the interrogatories, the commissioner attaches the notes to his deposition, and returns them along with it, and certifies them as "proved" by John S. Leophart. There was no irregularity in this, of which the appellants are entitled to complain.

There was no evidence taken by the defendants, which was submitted on the final hearing, so far as I can discover from the note of the testimony; not even that of Mobley and wife, who were both competent. But the evidence for the complainants was ample and conclusive, and it very well sustains all the material allegations of the bill. When such is the case, the decree of the court below will be sustained. Mobley was entitled to receive his wife's property from her guardian, and his receipt therefor is a full discharge in law and equity.—Revised Code, §§ 2375, 2685. There is no proof tending to show that Mobley's receipt was not genuine, and that it was in any respect false or wrong. It would be trifling with the truth, then, to say that anything was really due from the guardian, Earle, to his daughter, Mrs. Mobley, when his settlement was made. Such a judgment and decree, as to *bona-fide* creditors, is fraudulent and void.

The decree of the chancellor is affirmed, with costs, in this court, and the court below.