ISAIAH BOON

*v.*

MOLINE PLOW COMPANY.

1. PRACTICE—*holding night sessions of court a matter of discretion with the judge.* The holding of a night session of court is a matter of practice resting in the discretion of the judge, and the Supreme Court will not interfere in such cases, unless it clearly appears there has been an abuse of power and injustice done.

2. An announcement by the judge, in open court during the day, that there will be a night session of court held that evening, and the docket called for trial, is full notice to parties, and they should be present with their witnesses at such session, prepared for trial.

Appeal from the Circuit Court of Piatt county; the Hon. C. B. Smith, Judge, presiding.

Messrs. Hamilton & Emerson, for the appellant.

Messrs. Lodge & Huston, for the appellee.

Mr. Justice Sheldon delivered the opinion of the Court:

This was a suit brought by the appellee against the appellant, upon a promissory note given by appellant and one J. S. Boon, for a certain plow of appellee's manufacture.

There was a defense set up to the suit of a failure of consideration, and breach of warranty as to the plow.

The plaintiff recovered a verdict and judgment for $24.65, and the defendant appealed.

The only question presented and urged by appellant, is as to the right and authority of the circuit court to call the cause for trial, and compel the parties to try the same between the hours of ten and eleven o'clock at night.

It appears by the record, that the call of the docket was five days behind the setting by the clerk upon the docket of the causes for trial; that on the afternoon of the 14th day of September, the judge gave public notice in open court, that he would hold court that night, and call the docket for trial; that the cause had been set by the clerk for trial on the third day of the term, but it had not been reached for trial up to the hour of adjournment at evening of the 14th of September, which was the eighth day of the term; that the cause was first called for trial between the hours of ten and eleven o'clock in the night time of that day; that upon such calling of the cause for trial, defendant's attorneys moved the court upon their written motion to continue the case until the next morning, " on account of the case being called for trial between the hours

of ten and eleven o'clock in the night time," which motion the court overruled; whereupon a jury was called and a trial had and verdict found for plaintiff; one witness testifying on behalf of the defendant, being the person who sold the plow and made whatever warranty was made. A motion was made by defendant for a new trial founded upon his affidavit of facts going to show a defense to the note; that he had three witnesses besides himself by whom he could prove the facts; that he and all the witnesses had attended the court every day after the second day of the term, from its opening until its adjournment at six o'clock in the evening; that they all lived ten miles from the place where the court sat, and all had families and were compelled to be at home during nights; and that on account of the absence of himself and his witnesses the above facts could not be proved.

The court overruled the motion for a new trial.

The announcement in open court, on the afternoon of September 14, that a night session would be held that evening and the docket be called for trial, gave the defendant full notice thereof, and he should have been present himself at the trial, and have retained his witnesses to have had them present. The holding of a night session of court is a matter of practice resting in the discretion of the judge. This court should not interfere in such case, at least, unless it clearly appears that there has been an abuse of the power, and injustice done. We perceive no sufficient ground for interference with the action of the court in this case.

The judgment will be affirmed.

*Judgment affirmed.*

Mr. CHIEF JUSTICE SCOTT dissenting.