Lawrence, J.
I do not understand that the letters which were identified before the commissioner are to be considered as having been “produced and-proved” within the meaning of section 901 of the Code, or of the Revised Statutes, as exhibits. In point of fact, the letters were not proved at all. They were merely identified. They cannot be said to have been proved and to have become exhibits until they have been offered and the other side have had an opportunity of cross-examining the witness who has been called to prove their identity. The statute seems to me to refer to papers which have been put in evidence as exhibits. On the trial at the circuit the de *65 fenclants will have the right to object that a mere identification before the commissioner has not made the letters evidence ; that they have a right to a cross-examination of the witness who has assumed to prove the handwriting ; and that if an opportunity so to do is not afforded to them, the letters cannot go to the jury (see Edmonstone v. Hartshorn, 19 N. Y. 11, remarks of Johnson, Ch. J.). Should the plaintiff offer the letters as exhibits on the proof as it was taken before the commissioner, he must, as it seems to me, fail at the circuit. There is therefore no reason for suppressing the commission on that ground.*
Order accordingly.
No appeal was taken.

 This is the same distinction which is constantly made at the trial, and which is important to bear in mind in taking depositions,— between proving the authenticity of a document and merely identifying it. If the proof of authenticity is to be by the deposing witness, there must be opportunity of cross-examination on the point, and the document be submitted to the cross-examining counsel, and annexed to the deposition, unless a ease excusing this is shown and a copy is supplied. If the paper is merely to be identified, submission to ad-verge counsel is not matter of right, and annexation to the deposition not essential. See Weelcs on Bep. §§ 358-361 [citing authorities following].
Witnesses may be examined on commission as to an original paper, by annexing a copy to the interrogatories, for the purpose of reference, description and identification, and producing the original on examination of the witness. It is not indispensable that the original be annexed to the interrogatories. Commercial Bank, &c: v. Union Bank, 11 N. Y. 203.
A court has no power to order a draft upon which an action is brought, to be delivered to defendants, for the purpose of being annexed to a commission to be inspected by defendant’s witnesses residing out of the State. Butler v. Lee, 19 How. Pr. 383; 32 Barb. 75. When an exhibit to a deposition is objected to when produced by the witness, and the objection noted in the deposition, but there is nothing in the records to show that the objection was renewed at. *66 the trial, or passed upon by the court below, it cannot be raised for the first time on appeal. Parrott v. Byers, 40 Cal. 614.
Where papers, alleged to have been exhibited to a witness at the giving of his deposition, are hot sufficiently identified by the magistrate, they may be identified by parol evidence. Dailey v. Green, 15 Pa. 118.
Where notes offered in evidence, as proved by a witness examined on commission, were attached to and returned with his deposition, and marked “A” and “B,” and had the names of the witness and the commissioners written upon them, and the witness in the deposition described the notes to which he testified, by dates, amounts, &c., corresponding with those of the notes offered; and stated that they were produced to him on his examination, marked “A” and “B,” and that he then wrote his name upon them; and the commissioners, in their return, certified that the notes attached to the deposition were produced to the witness on his examination, and he signed his name thereon in their presence:—it was held that the notes offered in evidence were sufficiently identified as those testified to by the witness. Brumskill v. James, 11 N. Y. 294.
If a commissioner certifies “that the annexed deed hereto attached marked 'A ’ was shown to the witness, and by him examined and recognized to be the original deed by him signed and delivered,” a deed which is shown to have been inclosed in the package containing the deposition, and which is marked as stated in the certificate, is sufficiently identified as the exhibit referred to. Humphries v. Dawson, 38 Ala. 199, adding that where a bill is referred to in a deposition, it must be identified before it is used in evidence; Swisher v. Swisher, Wright (Ohio), 755.
It is no objection to a deposition, that a bill of items of the plaintiff’s account annexed thereto, and sworn to by the deponent, is in the handwriting of the plaintiff’s attorney; nor that such bill is described in the deposition as “marked A," when it is not so marked, there being no other account annexed. Ho rule of law, except a statutory rule, requires that exhibits and documents annexed to a deposition should be in the handwriting of the magistrate, or of some person appointed by him. If a paper is annexed to a deposition, and sealed up by a magistrate, and transmitted under his seal, to the court, even 'though the paper does not correspond with the description in every particular, if it corresponds sufficiently to identify it and prove that it was the copy testified of by the deponent, this is sufficient. Marvin v. Raigan, 12 Cush. 132. As a general rule, where evidence is taken under a commission and documents are *67 proved, such documents should be returned, inclosed with the commission.
There may be exceptions, where the document cannot, by law, be removed from its place of custody. In such case, an office copy or an examined copy should be returned with the commission. If there is clear evidence to identify papers as those referred to in the depositions taken by the commissioners, they may be received in evidence, though not returned with the depositions. The mere proof of the handwriting of one. of the commissioners upon a paper purporting to have been referred to in the depositions is not sufficient evidence of identify. Thompson v. Reed, Stephen's Dig. (N. B.) 196.
Papers inclosed and returned with a commission to examine witnesses, and referred to by the witnesses, need not be annexed to the depositions, if sufficiently identified. It will be presumed that a commission produced in court is in the same state as it came from the commissioners, and that the exhibits inclosed are those referred to in the depositions. Lawton v. Tarratt, 4 Allen (N. B.) 1.
A paper pinned to a deposition, not referred to in it, without evidence that it has been attached by the justice, is not an exhibit suffi- . ciently identified to be admissible in evidence. Susquehanna, &c. Co. v. Quick, 61 Pa. St. 328.
Weelcs on Bepositions, 887, says: 11 It is proper for a witness whose deposition is taken, to identify a written instrument and attach a copy of it to the deposition, and such part of the deposition should not be suppressed, for the absence of the original may be accounted for, and the copy be rendered admissible. Gimbel y. Hufford, 46 Ind. 125. A deposition should not be suppressed on the ground that the witness referred to certain deeds which were not se’t out as exhibits, when it appears that the deeds and notes were not under the control of the witness. Lyon y. Barrows, 13 Iowa, 428.
Remedy in case of loss of opportunity to cross-examine, and effect of intervening inability of witness to bear cross-examination,—see Hewlett v. Wood, 67 N. Y. 394. Compare 3 Abb. N. C. 229, note.
See also Petriken v. Collier, 7 Watts & S. 392; Weidner v. Conner, 9 Penn. St. 78. Compare Mobley v. Leophart, 47 Ala. 257; 51 Id. 587.