AMERICAN EXPRESS COMPANY vs LANKFORD.

Opinion delivered April 2, 1897.

*1.  United States Commissioner—Action Ex Contractu—Jurisdiction.*

> An action against an express company for the value of a package, lost by it in transmission, for which plaintiff alleges there was a verbal contract of carriage, and defendant alleges a written contract, is an action ex contractu, and a United States Commissioner has jurisdiction of such action within the jurisdictional limit.

*2.  Action not Changed by Allegation of Disregard of Duty.*

> An allegation by plaintiff of a disregard of duty by defendant, does not change the action in such case to one ex delicto.

*3.   Husband and Wife—Testimony—Competency.*

> Defendant, who has fully cross examined a husband, in a suit where husband and wife are plaintiffs cannot have the testimony of the husband excluded as incompetent, after the action has been dismissed as to him, on the ground that he has no interest in the suit.

*4.   Husband Acting for Wife—Presumption as to Agency.*

> When a wife receives, or attempts to receive the benefits of the acts of her husband in a transaction, it will be presumed that he was acting as the agent of the wife for the purpose of rendering his testimony competent under § 2859, Mansf. Dig.

*5.   Testimony of Husband—Competency.*

> Testimony of a husband that he acted as the agent of his wife is competent.

*6.   Verdict—Not Disturbed.*

> The verdict of a jury will not be disturbed in the court of appeals where the findings of fact have been submitted to them under proper instructions of the court.

Appeal from the United States Court for the Central District.

YANCEY LEWIS, Judge.

Action by Mrs. E. Lankford against the American Express Company for the loss of a diamond. Judgment for plaintiff. Defendant appeals. Affirmed.

This action was originally commenced before the United States commissioner at Atoka, Indian Territory, in the Central district of the Indian Territory, on the 4th day of January, 1896. The suit was instituted in the name of J. D. Lankford and wife, Mrs. E. Lankford, against the American Express Company. The commissioner rendered a judgment against the express company in favor of the plaintiff for the sum of $196, from which judgment the express company

appealed to the United States Court at Atoka. A complaint in writing was filed in the commissioner's court, and was to the effect that the plaintiff delivered to the defendant, on the 29th day of August, 1895, as a common carrier of goods, at Atoka, Indian Territory, one certain gold ring and diamond set, the property of the plaintiff, of the aggregate value of $200, the ring being valued at $4 and the diamond set at $196; that the package containing said ring and diamond set was received and accepted by the express company, and was to be forwarded to Otto Young & Co., of the city of Chicago, for the purpose of being repaired. The express charges were paid. The plaintiff alleged that defendant, in consideration thereof, undertook and promised to take care of said goods, and securely carry and deliver same to the consignee, and that the contract was verbal, no written receipt having been given for the package at the time. A demurrer to the complaint was filed, alleging that the court had no jurisdiction of the cause of action, but the record does not disclose what disposition was made of it. The express company, in its answer, set forth that at the time stated the plaintiff J. D. Lankford delivered to the agent a package, to be transported as stated above, and set forth the manner in which it was wrapped and addressed; that the agent of the company knew nothing of the contents of the package; that no value was marked upon it, and that it was agreed the package should be marked at a value of $50, and that it should be transported from Atoka to Chicago, for the sum of 25 cents, which was paid by the plaintiff J. D. Lankford. The evidence as to the contract of shipment is conflicting. The contention of the plaintiff below was to the effect that there was a verbal agreement, and on the part of the defendant below an agreement and contract in writing, by which the defendant undertook to transport such package, and the amount it should be liable for in the event said package should be lost. The questions of fact were fully submitted to the jury under

the instructions of the court. The verdict of the jury was for the plaintiff in the sum of $150, and sustains the plaintiff's contention that the package, when delivered to the agent of the express company, contained the diamond and ring in question, and that they were not in the package at the time it was delivered to the plaintiff's consignee in Chicago. Judgment was rendered on the verdict of the jury, and upon this judgment an appeal has been taken to this court by the express company.

*Ralls Bros.*, for appellant.

1. This is an action to recover for damages to personal property. The amount sued for being over $100.00 the commissioner had no jurisdiction. L. R. M. R. & T. Ry. vs Manees, 44 Ark. 100; Mansf. Dig. § 4026; St. L. I. M. & S. Ry. Co. vs Briggs, 47 Ark. 59; L. R. M. R. & T. Ry. Co. vs Manees, 49 Ark. 248; Sibley vs Leek, 45 Ark. 346; St. L. I. M. & S. Ry. Co. vs Heath, 41 Ark. 479; Howell vs Milligan, 13 Ark. 40; Laferty vs Day, 7 Ark. 258; States vs Scroggins, 10 Ark. 326. The commissioner having no jurisdiction, the United States Court acquired none on appeal. L. R. M. R. & T. Ry. vs Manees, 44 Ark. 100; Reeves vs Clark, 5 Ark. 27; 48 A. D. 688; 42 A. D. 690. The complaint states a cause of action, ex delicto. Cooley on Torts, pp 109, 128, n. 6; 3 Sutherland on Damages, § 916; 3 Wend. 156; 9 Wend. 534. Whether considered as an action ex contractu or ex delicto, it is based on alleged damages to personal property, and being for more than $100.00 the commissioner has no jurisdiction. Ewell vs Martin, 32 Vt. 217.

2. When plaintiff, J. D. Lankford ceased to be a party to the action, he became incompetent to testify on behalf of his wife. Klenk vs Knoble, 37 Ark. 298; Ry. Co. vs Amos, 54 Ark. 159; Collins vs Mark, 31 Ark. 684; Watkins vs Turner, 34 Ark. 663; Mansf. Dig. § 2859.

*C. A. Pate* and *R. L. Williams,* for appellee.

No brief is on file on behalf of appellee. Cases cited to the court by counsel for appellee as follows:—Milligan vs Davis, 49 Iowa 126; Veazie vs Williams, 8 How. 134; Hatch vs Taylor, 10 N. H. 538; Fouch vs Wilson, 59 Ind. 93; Matteson vs Blackmer, 46 Mich. 393; 9 N. W. 445; 1 A. & E. Enc. Law, pp 340, 341.

SPRINGER, C. J. (after stating the facts.) The record in this case presents two questions for our consideration: First. Whether the United States commissioner, who has the jurisdiction of a justice of the peace in Arkansas, had jurisdiction of this case. Second. Whether J. D. Lankford, the husband, was a competent witness for his wife in the case.

As to the first question, it is conceded that if the United States commissioner had no jurisdiction, the United States Court acquired none on appeal, and that the United States commissioners in the Indian Territory have only such jurisdiction as is expressly given them by statute. Congress, in conferring jurisdiction upon United States commissioners in the Indian Territory, provided, by the act of May 2, 1890, that they should have and exercise the same jurisdiction which is exercised by justices of the peace in the state of Arkansas, and extended the provisions of chapter 91 of Mansfield's Digest of the Laws of Arkansas, entitled "Justices of the Peace," over the Indian Territory. Section 4026 of Mansfield's Digest, which was thus put in force in the Indian Territory, provided as follows: "Justices of the peace shall severally have original jurisdiction in the following matters. First. Exclusive of the Circuit Court, in all matters of contract where the amount in controversy does not exceed the sum of $100, excluding interest; and con-

current jurisdiction in matters of contract where the amount in controversy does not exceed $300, exclusive of interest. Second. Concurrent jurisdiction in suits for the recovery of personal property, where the value of the property does not exceed the sum of $300, and in all matters of damage to personal property where the amount in controversy does not exceed the sum of $100." It will be seen from this section that concurrent jurisdiction with the United States Court is given to United States commissioners "in matters of contract where the amount in controversy does not exceed the sum of $300, exclusive of interest." Counsel for appellant contend that the case at bar comes within the provisions of the second paragraph of the section, to wit: "All matters of damage to personal property, where the amount in controversy does not exceed the sum of $100." If the latter clause applied to and governed the case at bar, the United States commissioner had no jurisdiction to try the case, as the claim was for more than $100; but, if the case at bar is a matter of contract, the commissioner had concurrent jurisdiction with the United States court to the amount of $300, and thus had jurisdiction of the case. In the case of Railway Co. vs Laird (decided Nov. 30, 1896) 17 Sup. Ct. 120, the Supreme Court of the United States drew the distinction between actions ex delicto and ex contractu. That was an action brought by a passenger on the train who received personal injuries by reason of the negligence of the railroad company, and the court held that a complaint alleging that the plaintiff was the holder of and traveling upon a certain ticket on a train which was derailed, causing injury to him, without alleging an undertaking or promise, or breach thereof, did not state an action upon a contract. The inference from this opinion is that, if an undertaking or promise had been averred, or there had been an allegation of the breach of an undertaking or promise, it would have been an action upon a contract. The record in the case at bar dis-

closes the fact that both plaintiff and defendant below alleged and set out in terms or substance a contract. The plaintiff below alleged that there was a verbal contract by which the defendant was to safely and securely take care of and carry from Atoka to Chicago, for a certain compensation, the property mentioned, and that defendant, in consideration of the amount paid, "undertook and promised to take care of said goods and securely carry and deliver the same" to the consignee in Chicago. The defendant below filed an answer to the complaint, in which it alleged that the receipt for the package was delivered to the plaintiff, "which receipt contained the terms of the contract of transporting said package; its value; liability of the defendant, and of the plaintiff; which receipt was then and there accepted by the plaintiff." The defendant further alleged in its answer "that said receipt contained the agreement and contract by which this defendant undertook to transport said package, and the amount it should be liable for in the event said package should be lost, damaged, or destroyed while in the charge of the defendant; that by said contract that this defendant should not be liable for a greater sum than $50 if said package should be lost or destroyed by said defendant." A copy of the receipt referred to is appended to the appellant's answer and is marked "Exhibit A." This receipt sets forth in detail the alleged agreements and undertakings of the company, and closes with the statement, "The party accepting this receipt hereby agrees to the conditions herein contained."

Notwithstanding these specific averments in the complaint and in the answer in this case, counsel for the appellant contend that the appellee bases her right to recover on the common-law liability of the appellant as a common carrier, and that the complaint states a cause of action ex delicto, over which the commissioner had no jurisdiction; and, further, that "where the liability is imposed by law,

and the party seeks to recover by reason of such liability, an action ex delicto is the proper and only remedy." This contention of appellant is doubtless predicated upon the concluding portion of appellee's complaint, which is as follows: "Yet defendant, not regarding its duty in that behalf, did not safe and securely keep and carry said goods; but, on the contrary, the defendant, its agents and employes, so carelessly and negligently behaved and conducted themselves in the premises, that said goods were wholly lost and destroyed," etc., "to the damage of the plaintiff in the sum of $196." It is true that this complaint alleges a disregard of duty by appellant,— a duty which was imposed upon it as a common carrier. A breach of that duty is a breach of the law, for which an action lies, founded on the common law, and which does not require a contract to support it. But in the case at bar the foundation of the action was a contract, and, no matter in what way the breach in the complaint was framed, it was an action on a contract. While a certain liability in all shipments of freight is implied by law, yet the appellee in this case seeks to recover, not by reason of the liability which the law imposes, but by reason of a contract entered into at the time of shipment, and the appellant seeks to defeat the appellee's right of recovery, not by setting up the liabilities and immunities of common carriers generally, but by specially pleading a written contract, in which it seeks immunity from plaintiff's demand, or a reduction thereof to $50, by reason of the conditions of such written contract. There are cases where the party has but one cause of action; that is, there is but one wrong, but one right infringed, and he can bring but one action. Bliss, Code Pl. § 11. But there are other cases where there is both a contract and a legal duty. In certain relations, which are usually entered into by contract, the law imposes a duty, —that arising from the relation rather than the contract; and, if the duty be disregarded, the one who suffers may sue upon the agreement,

or he may treat the wrong as a tort, and bring an action analogous to that of trespass on the case. The fact that a contract has been entered into does not relieve common carriers from liability incurred from the nonperformance of duty, but the election to sue a carrier for negligence does not prevent him from setting up a special contract as a defense, if by its terms it will extricate him. Id. § 14. In the case at bar the appellee elected to sue upon her contract, and the appellant set up a special contract as a defense. Counsel for appellant insist that "it matters not whether we consider this action ex delicto or ex contractu, for in either form it is based upon a matter of damage and destruction to personal property, and the amount claimed exceeds $100, and the commissioner had no jurisdiction." Mansf. Dig. § 4026. Actions for damage and destruction to personal property, such as are referred to in this contention, are those in which the party has but one cause of action; that is, there is but one wrong, but one right infringed, and he can bring but one action, namely, an action on the case,—that is, an action ex delicto. The case at bar is not of that nature. It presents a case in which there is both a contract and a legal duty, and the parties may elect to sue and defend upon a contract. Such an election was made in the case at bar, and the suit was brought upon a contract, and the defense was based upon another contract. Both the contract set up by the appellee and that set up by the appellant present a different ground of action and of the defense from the general liability of common carriers. We are of opinion, therefore, that the suit before the United States commissioner should be regarded as in the nature of the common-law action of assumpsit for breach of the verbal contract of shipment, which contract was set forth in the complaint, and made the foundation of this action. The answer to the complaint was responsive to this form of action, and set up a written contract of shipment as the basis of its defense. In this view of the case

(18)

there can be no doubt of the jurisdiction of the United States commissioner, for by the laws in force in this jurisdiction United States commissioners have exclusive jurisdiction in all matters of contract where the amount in controversy does not exceed the sum af $100, and concurrent jurisdiction in matters of contract where the sum in controversy does not exceed $300. Stanley vs Bracht, 42 Ark. 214.

As to the second question,—whether J. D. Lankford, the husband, was a competent witness for his wife in the case at bar: It appears from the record that the suit in the commissioner's court was begun in the name of J. D. Lankford and wife, Mrs. E. Lankford. On the trial of the case in the United States Court the testimony of the witness J. D. Lankford disclosed the fact that his wife was the sole owne of the ring and diamond set which were contained in the package in question. Appellant's counsel moved that the name of J. D. Lankford be stricken out as a plaintiff. Thereupon, appellee's counsel amended the complaint by striking out the name of J. D. Lankford as a party plaintiff. Counsel for appellant then moved the court to strike out the testimony of J. D. Lankford upon the ground that while he was a plaintiff he could testify in his own behalf, yet when he ceased to be a party to the action his testimony was rendered incompetent in behalf of the remaining plaintiff, his wife. Upon this point the bill of exceptions contains the following statement by Judge Lewis, the trial judge: "I sign this bill of exceptions with this statement of facts, touching the action of the court in overruling the motion of the defendant to strike out the testimony of the witness J. D. Lankford. The defendant cross-examined the witness at length, prior to making this motion, and in every way endeavored to elicit from him facts favorable to the defendant; and after it had subjected him to this cross-examination, without objection on its part to the admission of his testimony or his competency as a witness in

the case, it then objected to the form of the complaint, on the ground of misjoinder of parties, and moved that the name of J. D. Lankford be stricken out as a plaintiff, because the testimony showed he was not the owner of the property, and had no interest in it, whereupon the action was dismissed as to J. D. Lankford; and the defendant then moved that the testimony of the witness be stricken out in the parts complained of, upon the ground that he was the husband of plaintiff, which the court refused, holding that the defendant could not, while the witness was competent, cross-examine him to find out whether favorable testimony could be elicited in its behalf, and, after it had taken the chance of procuring testimony favorable to it, by its own motion have the action dismissed as to the witness, and then exclude the testimony which had proven to be unfavorable to it. I overruled the motion upon the further ground that the evidence was competent, because the proof showed that the witness J. D. Lankford was the agent of his wife in the particular transaction." The reasons given by the trial judge for refusing to exclude the testimony of J. D. Lankford under the circumstances which were developed seem to us quite sufficient for refusing the motion. But, independently of the conditions to which the court below refers, we are of opinion that the husband in the case at bar was a competent witness for his wife. The provision of the statute which designates the persons who shall be incompetent to testify is the fourth paragraph of section 2859 of Mansfield's Digest, and is as follows: "Husband or wife, for or against each other, or concerning any communication made by one to the other during the marriage, whether called as a witness while that relation subsists or afterward, but either shall be allowed to testify for the other in regard to any business transacted by the one for the other in the capacity of agent." The husband is the natural and presumptive agent in law of the wife. Mobley vs Leophart, 47 Ala. 257; Railroad Co. vs Brooks, 81 Ill. 293.

The agency of the husband will be implied when the wife accepts, or makes an effort to secure, the benefit resulting from the transactions of the husband, the circumstances and tendency of proof, in view of the relationship of the parties, indicating an agency, or when the husband is the ostensible agent of his wife.    Milligan vs Davis, 49 Iowa 126, and other authorities cited in appellee's brief, page 5.    It was also competent for Lankford to testify to the fact of his agency, which he did, stating that he was acting as the agent of his wife.    If, under the statute, it was competent for him to testify in behalf of his wife to any business transacted by him for her in the capacity of an agent, it was competent for him to testify that he acted in that capacity.    As stated before in this opinion, all questions of fact were fairly submitted to the jury, and the issue was found for the appellee. The verdict of a jury will not be disturbed in the Court of Appeals where the finding of the facts has been submitted to them under proper instructions of the court.    Railway Co. vs White, 48 Ark. 495, 4 S. W. 52.    We are of opinion that no reversible error appears in the record.    The judgment is therefore affirmed.

KILGORE, J., concurs.