ABRAHAM HEWLETT, Respondent, *v.* SAMUEL A. WOOD et al., Appellants.

Where an order of Special Term, denying a motion involving a question of discretion, states that it is denied solely upon the ground of want of power, and the General Term affirms the same without qualification, it affirms it in all its parts, including the ground upon which, by its terms, it was granted, and its order is appealable to this court. The order cannot be qualified by reference to the opinion of the court.

In such case, if it is here determined that the court below erred in its decision as to power, the order will be reversed and the proceedings remitted to the court below for the exercise of its discretion.

*It seems* that the question whether a party should be deprived of the benefit of the testimony of a witness, examined *de bene esse*, for the reason that the adverse party has lost the opportunity of a full cross-examination, should be determined upon the trial, rather than upon motion, where the facts necessary to present the question appear in the deposition as certified to.

Where, however, the question depends upon facts not appearing upon the face of the deposition or the certificate, but which must be established by evidence *aliunde*, a motion to suppress the deposition would be proper.

As to whether, in such case, evidence could be given on the trial of the facts alleged, *quære.*

The deposition may, in the discretion of the court, be suppressed on motion in advance of the trial.

Where the opportunity to cross-examine the witness has been lost through

his misconduct, or through the fault or omission of the party on whose behalf he is examined, or other like cause, the deposition should be set aside or the testimony rejected.

(Argued November 21, 1876; decided November 28, 1876.)

APPEAL from order of the General Term of the Supreme Court, in the first judicial department, affirming an order of Special Term denying a motion to suppress the deposition of defendant Samuel Wood, taken on behalf of plaintiff *de bene esse.*

The examination was had before a justice of the Supreme Court; the direct examination was completed and the cross-examination commenced, but, in consequence of the indisposition of the witness, was postponed from time to time, and the deposition was finally certified to by the judge, returned and filed. Defendants, Samuel A. Wood and others, moved that the deposition be suppressed, which motion was denied. Said defendants appealed, and the General Term, by order dated March 10, 1876, modified the order of Special Term, so as to direct " that the deposition be taken from the files and returned to the justice before whom it was taken, in order that he may proceed with the cross-examination of said witness, Samuel Wood, and close the same and complete the said deposition according to the understanding existing and the direction of said justice when the parties were before him  *  *  *  on the 15th day of May, 1875."

The deposition was accordingly taken from the files and returned to the justice. Repeated efforts for a further cross-examination were made, but without success. The deposition was signed by the witness, and the justice again returned the same with a certificate annexed, which, after stating the facts of the examination, subscription, etc., closed as follows : " And I having, on the 18th day of March, instant, declared the examination of said Wood duly closed, do make the certificate in conformity with said statute." Defendants, Samuel A. Wood and others, again moved, upon affidavits, to suppress the deposition, upon the grounds that it was not com-

pleted ; that the certificate was signed contrary to the stipulation of the parties and the direction of the justice, and that the deposition was never read over or subscribed by the witness after the examination was declared closed. The order thereon, after reciting the making of the motion, etc., continues as follows : " And the plaintiff thereupon having taken and made a preliminary objection to the motion being entertained on the ground that the examination of the said witness, Samuel Wood, had been closed by the order of the Hon. CALVIN E. PRATT, the justice before whom the same was taken, and the said deposition completed and duly certified and filed, and that this court at Special Term could not review his decision and act in closing said examination ; and after hearing Edward T. Schenck, of counsel for the plaintiff, in support of said objection, and Abram Wakeman, of counsel for the defendants, moving herein in opposition, and after due deliberation being had, it is ordered that the said preliminary objection be and the same is hereby sustained, and that the said motion to suppress be and the same is hereby denied, but without prejudice to the rights of the defendants to interpose any and all objections to the use of said deposition on the trial, which rights are hereby reserved."

The moving parties appealed. The General Term " ordered and adjudged that the said order so appealed from be and the same is hereby affirmed."

*Abraham Wakeman* for the appellants.

*Edward T. Schenck* for the respondent. The order of the General Term was not appealable. (*Howell* v. *Mills*, 53 N. Y., 313, 315 ; 59 id., 331 ; *People* v. *N. Y. C. Railroad Co.*, 29 id., 418, 423 ; Code, §§ 11, 391, 392 ; *Rust* v. *Eckler*, 41 N. Y., 488, 497 ; *Sheldon* v. *Wood*, 2 Bosw., 267, 280 ; *Fisher* v. *Hepburn*, 48 N. Y., 41, 52–54 ; *Camp* v. *Camp*, 59 id., 212, 215, 217, 221 ; *Plate* v. *Kelly*, 16 Abb., 188 ; *Gibson* v. *Pearsall*, 1 E. D. S., 90 ; *White* v. *McLean*, 57 N. Y., 670 ; 47 How., 193, 197.) A party shall not be deprived of the testi-

mony of a witness called out in the examination in chief, unless the opportunity to cross-examine is lost through the misconduct of the witness or the fault or neglect of the party calling him. (*Forrest* v. *Kissam*, 7 Hill, 463; *Clements* v. *Benjamin*, 12 Johns., 299; 2 Cow. Tr., 981.)

ALLEN, J.  Whether the respondent should be deprived of the benefit of the testimony of the defendant Samuel Wood, examined *de bene esse* as a witness in his behalf, for the reason that the adverse party has lost the opportunity of a full examination, should be determined at the trial, where an exception can be taken, rather than upon an interlocutory motion. The deposition may, in the discretion of the court, be suppressed, on motion in advance of the trial, if the case falls within the principle, that when an opportunity to cross-examine a witness has been lost through the misconduct of the witness or the fault or omission of the party calling him, or any other like cause, the deposition should be set aside or the whole testimony should be rejected. (*Forrest* v. *Kissam*, 7 Hill, 463.) Mere formal defects or irregularities in the examination of a witness out of court or upon commission, will be disregarded upon the trial; but any matter of substance affecting the rights of the parties, and especially any act of the party or of the witness, by which the party is deprived of the valuable right of cross-examination, will be good reason for rejecting the evidence. (*Forrest* v. *Kissam*, *supra* ; *Rust* v. *Eckler*, 41 N. Y., 488; *Kimball* v. *Davis*, 19 Wend., 437.) The court below very properly reserved to the present appellant the right to interpose any and all objections to the use of the deposition on the trial; and if the facts relied upon appear or shall be made to appear upon the face of the deposition as certified by the judge by whom it was taken, the legal rights of the appellant would be sufficiently guarded. The difficulty, and the only difficulty, is that the objection of the appellant to the deposition, in its present form, depends, so far as we can discover from the papers before us, upon extrinsic facts, facts not appearing upon the face of the deposition or the cer-

tificate of the judge, and which would have to be established by evidence *aliunde ;* and it is at least questionable whether evidence could be given, on the trial, of the facts alleged. It might, perhaps, be admissible, in the discretion of the judge, to try the collateral issues, but it would be unusual, and might embarrass, or prove a hindrance, to the trial of the main issue. Perhaps it will appear, by an inspection of the papers on file, that every fact necessary to raise the question is spread out on the deposition, as certified by the judge. We cannot certainly know from the papers before us. It was evidently the intention of the learned judges of the Supreme Court to secure to the appellants all their substantial rights; and if they have not done so they can, should the proceedings be remitted, do so, unless they determine to suppress the deposition on this application by requiring a return by the judge of all the proceedings had before him, including the adjournments and the reasons of the adjournments and the evidence of the medical witnesses as to the physical and mental condition of the witness. By the order of the Supreme Court of March 10, 1876, modifying the order of the Special Term from which appeals had been taken, the deposition was directed to be taken from the files of the court and returned to the judge by whom it was taken, in order that he might proceed with the cross-examination of the witness and complete the deposition, according to an understanding existing between the parties and the direction of the judge when the parties were before him in May, 1875. This order was a recognition of the fact that the deposition had not been completed and that the right to cross-examine the witness existed. Under this order no further examination of the witness was had, although repeated attempts in that direction were made. The reason of the failure to continue the examination was the alleged physical disability of the witness, and the learned judge again certified the deposition as far as it had before then been taken, and refiled the same, believing that the witness would not again be competent to be further examined. Whether the deposition as filed, if incompetent as evidence

Opinion of the Court, per ALLEN, J.

by reason of the loss of opportunity to cross-examine the witness, should be suppressed on motion, or left for the action of the trial court, was discretionary in the Supreme Court; and no appeal would lie from an order denying an application to suppress it; and had the motion been decided upon this ground, and in the exercise of this discretion, the appeal would necessarily be dismissed. (*Anon.*, 59 N. Y., 313.) The learned judge, taking the deposition included in his certificate of April 15, 1876, made, after the efforts to examine the witness pursuant to the order of the court referred to, in addition to matters required by statute to be certified, a statement that "he had declared the examination of said Wood duly closed." This declaration was *ultra vires.* He acted ministerially in taking and reducing the evidence of the witness to writing. He could not judicially determine any question that might be made, or control the counsel in the examination of the witness. The statute prescribes his duty, and is mandatory, compelling him to insert in the deposition every answer or declaration of the witness examined which either party should require to be included therein. (2 R. S., 399, § 37.) Upon the present motion being made at Special Term, the preliminary objection was taken that the examination had been closed by the judge by whom it was taken, and that the court could not review such decision and act in closing the examination, and the objection was sustained and the motion denied solely for that reason, viz., a want of power of the Special Term to review that declaration of the judge in closing the examination, and the reason is assigned in the order. The order of the General Term merely affirms that order, and in affirming the order without qualification or modification, it affirms it in all its parts, and the grounds upon which, by its terms, it was granted. The order cannot be qualified in its operation and effect by reference to the opinion of the court. The court speaks by its order, and effect must be given to it according to its terms. If the order appealed from was made in the exercise of the discretion of the court, the appeal must be dismissed; but if granted by reason of supposed want of power,

as it seems to have been, it must be reversed, and the proceedings remitted, that the court may, in its discretion, make such disposition of the application as shall be deemed proper. It was the duty of the court below to decide the motion upon its merits, and in the exercise of the discretion vested in it. Perhaps the court at General Term did intend to pass upon the merits and not to deny the application upon the preliminary objection which prevailed at Special Term; but if so, the order should have so declared.

The order of the General and Special Terms must be reversed, and the proceedings remitted to the Supreme Court, to the end that it may proceed and consider the application on its merits.

All concur; MILLER, J., in result.

Ordered accordingly.