THE DIRECT UNITED STATES CABLE COMPANY (Limited), Appellant, *v.* THE DOMINION TELEGRAPH COMPANY et al., Respondents.

Two corporations organized under the laws of Great Britain entered into an agreement, which provided, in case of difference, for arbitrators to be appointed and to act in this State, having the powers given to arbitrators under the English common-law procedure, their award to be made a rule of the Queen's Bench  In an action brought by one of said corporations against the other and arbitrators appointed under the agreement, to restrain the prosecution of the arbitration, the Special Term denied plaintiff's motion for a preliminary injunction on the ground as stated in the order "that the court has no jurisdiction in this action." *Held*, error; as the plaintiff, although a foreign corporation, could invoke the jurisdiction of the courts, and the individual defendants were residents of the State.

The order of Special Term was " in all respects affirmed " by the General Term. *Held,* that this court could only look to the order to ascertain the ground upon which the court below proceeded.

(Argued February 8, 1881; decided February 11, 1881.)

Appeal from order of the General Term of the Supreme Court, in the first judicial department, affirming an order of Special Term, which dissolved a preliminary injunction herein and refused an application to continue the same on the ground as stated in the order " that the court has no jurisdiction in this action." (Reported below, 22 Hun, 568.)

The plaintiff and the defendant, the Dominion Telegraph Company, are corporations organized under the laws of Great Britain. The other defendants are citizens of this State. Said corporations entered into a contract which provided that in case of differences arising between them, each party should appoint an arbitrator in New York, the two so appointed being authorized to appoint an umpire; if either party refused or neglected to appoint an arbitrator for ten days after request, or appointed one who should neglect or refuse to act, then the arbitrator chosen by the party making the request should appoint the other. It was declared in the agreement that the arbitrator so appointed should have all the powers given to arbitrators by the Common-Law Procedure Act of 1854, that the proceedings of the arbitrators should be governed thereby and that their award should be made a rule of the Queen's Bench. The complaint alleged that arbitrators were appointed by the parties to the agreement as prescribed therein, but that by the direction of defendant, the Dominion Telegraph Company, defendant Sampson, the arbitrator, selected by it upon the pretense that the arbitrator appointed by plaintiff had declined to act within the time prescribed for the appointment of an umpire, had appointed defendant Buckley as arbitrator in place of the one appointed by plaintiff; that said individual defendants had given notice to plaintiff that they had appointed an umpire and proposed to proceed with the arbitration.

This action was brought to restrain the defendants from prosecuting such arbitration.

*Lewis L. Delafield* for appellant. Courts of equity have power to restrain proceedings pending in the courts of a foreign country, when the parties are within their jurisdiction. (*Dehon* v. *Foster*, 4 Allen, 545, 550; 7 id. 57; *The Carron Iron Co.* v. *Maclaren*, 35 Eng. L. & Eq. 37, 49; *Bunbury* v. *Bunbury*, 1 Beav. 318; *Mackintosh* v. *Ogilvie*, 3 Swanst. 365; *Bushley* v. *Munday*, 5 Maddock, 297; *Beckford* v. *Kemble*, 1 Sim. & Stu. 7, 15; *Bank of Bellows Falls* v. *Rutland R. R.*, 28 Vt. 470; *Weddeburn* v. *Weddeburn*, 2 Beav. 208; High on Injunctions, 38–41; Hilliard on Injunctions, 49, 284–290, 394; 2 Story's Eq. Jur., §§ 899, 900; Kerr on Injunctions, 154–160; *Barry* v. *Brune*, 8 Hun, 395, 404; *Fisk* v. *Chicago, etc., R. R.*, 53 Barb. 513; *Field* v. *Holbrook*, 3 Abb. Pr. 377; *Great Falls Mfg. Co.* v. *Worster*, 23 N. H. 462, 470; *Dehon* v. *Foster*, 4 Allen, 550; *Carron Iron Co.* v. *Maclaren*, 35 Eng. L. & Eq. 51; *Vail* v. *Knapp*, 49 Barb. 300; *Roper* v. *London*, 5 Jurist [N. S.], 491.) When a matter can be more conveniently tried, or the ends of justice will be better attained in the forum where the action is brought, the proceedings in the courts of the foreign country will be enjoined. (*The Carron Iron Co.* v. *Maclaren*, 35 Eng. L. & Eq. 50; *Beckford* v. *Kemble*, 1 Sim. & Stu. 15; 2 Joyce on Injunctions, 1013.) An agreement to refer all matters of difference that may arise to arbitration will not oust a court of law or equity of jurisdiction. (*Hurst* v. *Litchfield*, 39 N. Y. 377, 379; *President, etc., D. & H. Canal Co.* v. *Penn. Coal Co.*, 50 id. 251, 258; *Lee* v. *Page*, 7 Jurist [N. S.], 768; *Horton* v. *Sayer*, 5 id. 989; *Scott* v. *Avery*, 5 H. of L. Cas. 811; *Elliott* v. *Royal Exchange Assurance Co.*, L. R., 2 Exch. 237, 242; *Scott* v. *Liverpool*, 27 L. J. 641, Equity.) Courts of equity may restrain the proceedings of arbitrators and actions upon awards in cases where the arbitrators have misconducted themselves. (*Malmesbury R. R.* v. *Budd*, L. R., 2 Ch. Div. 113; *Bedden* v. *Bedden*, L. R., 9 id. 766; *Van Cortlandt* v. *Vanderbilt*, 7 Johns. 405; *Cleland* v. *Hedley*, 5 R. I. 163; *Walker* v. *Frobisher*, 6 Ves. 70; Hilliard on Injunctions, 221; *Sisk* v.

*Garey,* 27 Md. 401.) This was a proper case to enjoin the defendants. (Common-Law Procedure Act, 1854; *Baker* v. *Stephens,* L. R., 2 Q. B. 523, 527; Common-Law Procedure, § 14, act 1854; Law Journal, 1854–56, p. 297, ch. 125; 17 & 18 Victoria.) The order of the General Term, being founded upon an erroneous conception of its power, is reviewable in this court. (*Tilton* v. *Beecher,* 59 N. Y. 176; *Equitable L., etc.,* v. *Stevens,* 63 id. 341; *People* v. *N. Y. Cent. R. R.,* 29 id. 418; *Brown* v. *Brown,* 58 id. 609; *Hewlett* v. *Wood,* 67 id. 394, 399; *Sheldon* v. *Sheldon,* 51 id. 354; *Thornton* v. *Autenrich,* 55 id. 659; *Downing* v. *Kelly,* 48 id. 433; *Snebley* v. *Conner,* 78 id. 218; *Gibson* v. *Chouteau,* 8 Wall. 314; *Rector* v. *Ashley,* 6 id. 143; *Noyes* v. *Children's Aid Society,* 70 N. Y. 485; *Campbell* v. *Seaman,* 63 id. 568, 582.)

*William Dorsheimer* for respondents. Even if the court could entertain the suit at all, it rightfully refused a preliminary injunction, because such an injunction would be unnecessary. (7 Abb. [N. S.] 251.)

Per Curiam. The Supreme Court had jurisdiction to hear and determine the application in this case. The plaintiff, although a foreign corporation, can invoke the jurisdiction of our courts. The individual defendants are residents of this State. Whether a case is presented upon which the court should grant an injunction is one to be determined by the court to which the application was made, after entertaining jurisdiction of the proceeding. The order of the Special Term denied the motion on the ground "that the court has no jurisdiction in this action," and this order was "in all respects affirmed" by the General Term. This court can only look to the order to ascertain the ground on which the court below proceeded. (*Hewlett* v. *Wood,* 67 N. Y. 394.) We think the orders of the Special and General Terms should be reversed, and the case remitted to the Special Term to hear the application upon the merits, without costs to either party in this court.

All concur, except Rapallo, J., absent.

Ordered accordingly.