but to the public as well, by the issuance of an order that would cause a cessation in the operation of this plant, would be of an exceedingly grave and serious character; while, on the other hand, if the plaintiff has suffered damage in any of his rights, he has a complete remedy at law, which will afford him ample protection, without working incalculable mischief to the public in general. The plant is one in which no machinery for generating electricity is employed. No steam machinery, engines, or boilers are employed, or used, or are to be found within the building. The station is used merely for storing, transforming, and transmitting the current which is generated in a station located at First avenue and Thirty-Ninth street, miles away from the plant the operation of which is complained of, and the proof before me shows that it is made and constructed on the very highest plane, and no negligence is shown or asserted as to its operation. Some vibration, I presume, must necessarily ensue when machinery of any kind is employed, and, if institutions of the defendant's character are entitled to exist at all, all that can in fairness be exacted of them is that they will employ every agency in their power to reduce this to a minimum, and when this is done it may be that annoyance will continue and damage will be worked; but the papers before me will not warrant the granting of the relief prayed for pendente lite, which, if granted, would be tantamount to an adjudication of the issues before trial.

The motion is therefore denied. No costs. Settle order on notice.

PORTLAND CO. v. HALL & GRANT CONST. CO. et al.

(Supreme Court, Appellate Division, First Department. November 15, 1907.)

1. CORPORATIONS—FOREIGN CORPORATIONS—RIGHT TO SUE.

Under the express provisions of Code Civ. Proc. § 1779, a foreign corporation created by or under the laws of any other state of the United States or of any other country with power to sue, if otherwise qualified, may sue in the courts of New York.

[Ed. Note.—For cases in point, see Cent. Dig. vol. 12, Corporations, §§ 2563, 2564.]

2. SAME—PLEADING.

Where defendants in a suit in the Supreme Court by a foreign corporation claimed that plaintiff had not capacity to sue, they were required to allege and prove that by some specific provision of law plaintiff was prohibited from maintaining an action in such court, under the rule that a foreign corporation suing in New York on a good cause of action pleaded will be assumed to be rightfully in the state and properly in court until the contrary is made to appear.

[Ed. Note.—For cases in point, see Cent. Dig. vol. 12, Corporations, § 2646.]

3. SAME—STATUTES—APPLICATION—PLEADING.

Laws 1892, p. 1805, c. 687, § 15, as amended by Laws 1904, p. 1250, c. 490, prohibits a foreign "stock corporation other than a moneyed corporation" from doing business in the state without first having procured a certificate from the Secretary of State, etc., and also prohibits such corporation from maintaining any action within the state on any contract made by it therein unless prior to the making it had procured such certificate. *Held*, that where, in a suit by a foreign corporation on a con-

tract for the installation of elevators in New York, neither the complaint nor the answer alleged that plaintiff was a "stock" corporation, plaintiff's incapacity to sue for failure to obtain the required certificate under such section was not pleaded and could not be proved.

[Ed. Note.—For cases in point, see Cent. Dig. vol. 12, Corporations, § 2646.]

4. SAME—STATUTES—APPLICATION.

Tax Law, Laws 1896, p. 856, c. 908, as amended by Laws 1901, p. 1364, c. 558, § 181, provides that every foreign corporation authorized to do business under the general corporation law shall pay a specified license tax for the privilege of exercising its corporate franchises within the state, and that no action shall be maintained or recovery had in any of the courts of the state "by such foreign corporation without obtaining a receipt for the license fee so imposed," etc. *Held*, that such tax was only imposed on such foreign corporations as were authorized to do business within the state under the general corporation law, and did not apply to a foreign corporation which had neither applied for nor received a license thereunder.

5. SAME—PLEADING AND PROOF.

In an action by a foreign corporation, it was no defense that plaintiff had not paid the license fee and received the receipt required by Tax Law, Laws 1896, p. 856, c. 908, as amended by Laws 1901, p. 1364, c. 558, § 181, in the absence of pleading and proof that plaintiff was a "stock" corporation or a corporation authorized to do business in the state under the general corporation law.

[Ed. Note.—For cases in point, see Cent. Dig. vol. 12, Corporations, § 2646.]

6. SAME—DOING BUSINESS WITHIN STATE.

Plaintiff, a foreign corporation engaged in the manufacture and installation of elevators, contracted in New York to furnish and install certain elevators in a building in New York City according to certain specifications. Plaintiff had an office in New York, and brought suit for the amount due under the contract, alleging a substantial performance and a refusal of defendants to pay. *Held* that, if plaintiff was a "stock" corporation, its acts constituted doing business within New York, within General Corporation Law, Laws 1892, p. 1805, c. 687, as amended by Laws 1904, p. 1250, c. 490, § 15, prohibiting a foreign stock corporation other than a moneyed corporation from doing business within the state without first having secured a certificate from the Secretary of State, etc.

[Ed. Note.—For cases in point, see Cent. Dig. vol. 12, Corporations, § 2520.]

7. SAME—STATUTES—CONSTRUCTION—RIGHT TO SUE.

General Corporation Law, Laws 1892, p. 1805, c. 687, as amended by Laws 1904, p. 1250, c. 490, § 15, requires stock corporations, before being entitled to do business in the state, to procure a certificate from the Secretary of State, and declares that no such corporation shall maintain any action in the state on any contract made by it therein unless, prior to the making, it shall have procured such certificate. *Held*, that such prohibition did not relate to the commencement of the action, but prohibited the maintenance of any action on a contract made in the state before the corporation had obtained the certificate required.

[Ed. Note.—For cases in point, see Cent. Dig. vol. 12, Corporations, §§ 2563, 2564.]

8. COMMERCE—INTERSTATE COMMERCE—MANUFACTURE AND INSTALLATION OF ELEVATORS.

Where a contract made by a foreign corporation in New York provided that the corporation should furnish and install certain elevators in a building in New York City according to certain specifications, the carrying out of such contract did not constitute interstate commerce.

[Ed. Note.—For cases in point, see Cent. Dig. vol. 10, Commerce, § 29.]

Appeal from Special Term.

Action by the Portland Company against the Hall & Grant Construction Company and another. From a judgment dismissing the complaint, plaintiff appeals. Reversed, and new trial ordered.

See 95 N. Y. Supp. 36.

Argued before PATTERSON, P. J., and INGRAHAM, CLARKE, SCOTT, and LAMBERT, JJ.

Dallas Flannagan, for appellant.
John Larkin, for respondents.

INGRAHAM, J. This action was brought to recover the amount alleged to be due under a contract whereby the plaintiff, a foreign corporation, agreed to "furnish and provide all materials and labor for the installation of certain hydraulic elevators at the building No. 140 Nassau street, in the city of New York, in the manner and under the conditions as prescribed and set forth" in said contract and specifications; the complaint alleging that the plaintiff substantially performed this contract, and that the defendant, a corporation, had failed to pay the balance of the amount due thereunder. The complaint further alleges that the defendant Charles Ward Hall for a good and valuable consideration in writing agreed with the plaintiff and guaranteed that the defendant corporation would pay the sum in said contract mentioned upon a compliance by the plaintiff with the terms of said contract, and that although duly demanded the defendant Hall has refused and neglected to pay the plaintiff the amount due and unpaid under the said contract. The answers of defendants as a separate defense, alleged that:

"Neither at said time had, nor at any other time has, the plaintiff obtained from the Secretary of State of the state of New York a certificate that it has or had complied with all the requirements of law, or any thereof, to authorize it to do business in the state of New York, and that its business was such as may be lawfully carried on by a corporation organized under the laws of this state for such or similar business."

And further alleged:

"That the plaintiff had not theretofore, and has not, paid to the Treasurer of the state of New York the license fee provided by law for the privilege of carrying on its business within this state, and has not obtained from said Treasurer a receipt for such license fee."

Upon the trial, after plaintiff had proved its cause of action, but before it had rested, defendants offered in evidence the charter of plaintiff to prove the defense that plaintiff was a stock corporation organized under the laws of the state of Maine, and had not complied with the general corporation law and the tax law of this state, and was therefore prohibited from commencing or maintaining any action in this state. Plaintiff's counsel objected to this evidence upon the ground that it was not pleaded that the plaintiff was a stock corporation, and there was no allegation in the answers that plaintiff was a stock corporation. This objection was overruled, and the evidence admitted, to which the plaintiff excepted. No motion was made to amend the

answers, whereupon the plaintiff rested, and defendants moved to dismiss the complaint upon the ground, among others, that—

"It appears affirmatively that the plaintiff is a foreign corporation; that it has not complied with sections 15 and 16 of the corporation laws of this state applicable thereto, nor with the provisions of chapter 908 of the Laws of 1896, section 181 of chapter 908 of the Laws of 1896, the tax law of this state, and has been engaged in business in this state unlawfully; and that proof made upon the plaintiff's case establishes these facts."

The court dismissed the complaint, not upon the merits, but solely because of its failure to comply with these statutory requirements. To that dismissal the plaintiff excepted, and upon this appeal there is presented the question whether the evidence that plaintiff was a stock corporation and had not complied with the provisions of section 15 of the general corporation law (chapter 687, p. 1805, of the Laws of 1892), or of section 181 of the tax law (chapter 908, p. 856, of the Laws of 1896, as amended by chapter 558, p. 1364, of the Laws of 1901), was admissible under the pleadings?

By section 1779 of the Code of Civil Procedure an action may be maintained by a foreign corporation, in like manner, and subject to the same regulations, as where the action is brought by a domestic corporation, except as otherwise specially prescribed by law. This provision has been the law of this state for many years, and it has always been held that a corporation created by or under the laws of any other state of the United States or of any other country, with power to sue, may sue in the courts of this state. Silver Lake Bank v. North, 4 Johns. Ch. 370; Williams v. Bank of Michigan, 7 Wend. 539; Direct U. S. Cable Co. v. Dominion Tel. Co. et al., 84 N. Y. 153. To sustain this judgment, therefore, the defendants must allege and prove that by some specific provision of law the plaintiff, a corporation organized under the laws of the state of Maine, is prohibited from maintaining an action in the Supreme Court of the state of New York; and they rely upon section 15 of the general corporation law (chapter 687, p. 1805, of the Laws of 1892, as amended by chapter 490, p. 1250, of the Laws of 1904). This section provides that no foreign—

"stock corporation other than a moneyed corporation, shall do business in this state without first having procured from the Secretary of State a certificate that it has complied with all the requirements of law to authorize it to do business in this state, and that the business of the corporation to be carried on in this state is such as may be lawfully carried on by a corporation incorporated under the laws of this state for such or similar business. * * * No such corporation now doing business in this state shall do business herein after December thirty-first, eighteen hundred and ninety-two, without having procured such certificate from the Secretary of State. * * * No foreign stock corporation doing business in this state shall maintain any action in this state upon any contract made by it in this state unless prior to the making of such contract it shall have procured such certificate."

This provision being a restriction upon the general right of a foreign corporation to do business in this state or to maintain an action in this state under a contract made by it in this state, it is incumbent upon the party raising the objection to bring the case within the express prohibition of the statute. Parmele Co. v. Haas, 171 N. Y. 579, 64 N. E. 440, which held:

"When a foreign corporation brings a suit in the courts of this state and states a good cause of action in the complaint, it will be assumed that it is rightfully in the state and properly in court until the contrary is made to appear."

And in South Bay Co. v. Howey, 113 App. Div. 383, 98 N. Y. Supp. 910, it was held, where the complaint alleged that the plaintiff was a foreign corporation and it did not appear from the complaint that the plaintiff was a stock corporation, and therefore within the prohibition contained in this section, to entitle a defendant to take advantage of this omission it must appear upon the record that the plaintiff is a stock corporation, or, if that fact did not appear from the complaint, it must be alleged in the answer and proved upon the trial. In that case the fact that the plaintiff was a stock corporation was alleged in the answer, but no proof of that fact was offered upon the trial; and it was therefore held that the defense was not available to the defendant. This case presents the converse of that proposition—that there was no allegation in the answers that the plaintiff was a stock corporation and thus within section 15 of the general corporation law.

The allegation of the answers is that the plaintiff was a foreign corporation organized under the laws of the state of Maine, and not under the laws of the state of New York, and that at the time the contract set forth in the complaint herein was made the plaintiff had come into the state of New York to transact business of the same nature as that contemplated by the said contract; that in consideration of the covenants in said contract reserved to be performed by the defendants the said plaintiff did unlawfully enter into the said contract without having obtained from the Secretary of State a certificate that it had complied with the requirements of law, or any thereof, to authorize it to do business in the state of New York. This allegation may be conceded, and yet, unless it further appeared that the corporation was such a corporation as that specified in section 15 of the general corporation law, it was not prohibited from either doing business in this state or maintaining an action to recover upon a contract made within this state. It was only to a foreign stock corporation that the section applied, and, that fact not appearing by the complaint, to make the defense available the defendants were bound to plead the facts that would bring the corporation within the provisions of section 15 of the general corporation law.

The answers also set up section 181 of the tax law (chapter 908, p. 856, of the Laws of 1896, as amended by chapter 558, p. 1364, of the Laws of 1901). That section provides:

"Every foreign corporation," with certain exceptions not here material, "authorized to do business under the general corporation law, shall pay to the State Treasurer, for the use of the state, a license fee of one-eighth of one per centum for the privilege of exercising its corporate franchises or carrying on its business in such corporate or organized capacity in this state, to be computed upon the basis of the capital stock employed by it within this state, during the first year of carrying on its business in this state."

This tax is imposed, not upon all foreign corporations doing business in the state, but only such corporations as are authorized to do

business under the general corporation law. There is no provision of the general corporation law under which the plaintiff was authorized to do business in this state. It had applied for no license under section 15 of the general corporation law, and had received none, and under this provision of the tax law, therefore, no tax was imposed upon the corporation. If the plaintiff was a stock corporation, section 15 of the general corporation law would undoubtedly have prohibited it from transacting business in this state until it had taken out a license required by that section and paid the tax imposed by section 181 of the tax law; but until the plaintiff received some authority to do business within this state under section 15 of the general corporation law no tax was imposed by section 181 of the tax law, and no penalty was imposed upon the plaintiff for failure to pay that tax.

Section 181 of the tax law further provides:

"No action shall be maintained or recovery had in any of the courts in this state by such foreign corporation without obtaining a receipt for the license fee hereby imposed within thirteen months after beginning such business within the state."

As this prohibition applied only to "such foreign corporation," namely, a corporation specified in the section as one "authorized to do business under the general corporation law," in the absence of an allegation in the pleadings and proof that the plaintiff was a stock corporation, or was a corporation which was authorized to do business under the general corporation law, this section had no application. We think, therefore, it was error to admit proof of the fact that the plaintiff was a stock corporation, and in the absence of an allegation in the pleadings that the plaintiff was a stock corporation, or had been authorized to do business under the general corporation law, that the complaint was improperly dismissed.

Another question is presented upon which we should express an opinion, as it will arise upon the new trial. We think it clear that this corporation did business within this state. It had an office for the transaction of business; it made a contract in the state of New York to supply the materials for and to construct these elevators, and actually constructed them, furnishing the labor necessary therefor; and it alleges as a ground of recovery a substantial performance of the contract by which the elevators were actually constructed in a building in this state. It is difficult to see what more a corporation, whose business was the construction of such elevators, could do in the transaction of its business. It is claimed by the plaintiff that there is no evidence to show that it was doing business at the time the action was commenced. But the prohibition against maintaining an action does not relate to the time of the commencement of the action, but provides that no foreign stock corporation doing business in this state shall maintain any action in this state upon any contract made by it in this state, unless prior to the making of such contract it should have procured such certificate. The plain intent of this statute is to prohibit a foreign corporation from engaging in business in the state without obtaining a license, and to prohibit the maintenance of any

action upon a contract made in this state in violation of the provisions of the section. It is the making of the contract until permission is obtained that is prohibited, as well as maintaining an action in the courts of this state upon such contract.

Nor can it be said that a contract to manufacture and erect elevators in a building situated in this state for the use of the building is interstate commerce and under the exclusive control of the federal government. If the contract related solely to the manufacture of these elevators and delivering them in the state of New York, a different question would be presented; but here the plaintiff was not only to manufacture elevators as articles of commerce, and deliver them here, but was also to install them in the building, and it was for the manufacture and installation as completed elevators that the plaintiff contracted, and which completion of the contract it alleges as its cause of action, for which it is entitled to recover.

The contract of guaranty by the defendant Hall was to guarantee the performance of the original contract with the defendant corporation, and, having been also made within this state, the same rule applicable to the contract with the corporation applies to the contract of the individual.

For the error above indicated, however, the judgment must be reversed, and a new trial ordered, with costs to the appellant to abide the event. All concur.