OPINION OF THE COURT
Leonard A. Weiss, J.
INTRODUCTORY QUESTIONS AND BACKGROUND
Is respondent, Town of North Greenbush (herein Town) ’s *61 Local Law No. 3, 1980 (herein local law or law) which made section 458 of the Real Property Tax Law “veterans exemption” subject to increase or decrease in the same proportion as the assessed valuation of “any real property” in the Town of North Greenbush has been increased or decreased on the assessment roll to be finally completed and filed in 1980 by reason of real property being assessed at full value on such assessment roll, “null and void” because of the Town’s alleged failure to comply with the “permissive referendum” requirements in section 24 (subd 2, par c) of the Municipal Home Rule Law?
Should the local law be held null and void because it denies petitioners’ (Archer, Chaput, Freedman and Sipher, Rensselaer County property owners and taxpayers [herein petitioners or taxpayers]) constitutional equal protection rights?
Should the respondents be enjoined from finally completing Town of North Greenbush’s assessment role for 1980 because said local law is “null and void” or “unconstitutional” ?
The petitioners started this proceeding by order to show cause signed by Mr. Justice Kahn of this court on May 29, 1980 to invalidate the local law. By order dated June 2, 1980 Mr. Justice Mahoney of the Appellate Division, Third Department, vacated so much of Justice Kahn’S order as restrained the Town of North Greenbush assessor from tentatively completing the assessment roll. By letter decision dated July 22, 1980 this court converted the CPLR article 78 proceeding into a proceeding for a declaratory judgment under CPLR 103 (subd [c]).
This proceeding arises from action taken by the Town of North Greenbush on May 21, 1980 when Local Law No. 3 of 1980 was passed by the North Greenbush Town Board without giving Town taxpayers the opportunity to vote on the local law in a permissive referendum. The practical effect of the local law is to favor veterans who own real property by providing them with the same percentage of real property tax exemption as they had before the Town, acting under section 306 of the Real Property Tax Law, went to full value assessment.
*62 DECISION
 This court dismisses the petition with prejudice because (1) the local law granting veterans a proportionate exemption is not subject to the permissive referendum requirements in section 24 (subd 2, par c) of the Municipal Home Rule Law and, (2) neither the local law, nor section 458 of the Real Property Tax Law nor the manner of their application, is violative of the constitutional equal protection requirements.
A. PERMISSIVE REFERENDUM REQUIREMENT
The permissive referendum provision in section 24 (subd 2, par c) of the Municipal Home Rule Law must be incorporated into a local law only if said law “[c]hanges a provision of law relating to assessments of real property”.
This court considers the informal opinions by the State Board of Equalization and Assessment (SBEA) counsel and the Attorney-General as advisory and is obligated to make its own analysis of the legal positions advanced.
Section 458 of the Real Property Tax Law says, in part:
“5. (a) If the ratio between the exemption granted under this section and the total assessed value of the real property for which such exemption has been granted increases or decreases due only to a change in the manner of assessing real property by a court ordered full value assessment in the tax district in which such property is located, the amount of the exemption heretofore or hereafter granted shall be increased or decreased in such subsequent year in the same proportion as the total assessed value has been increased or decreased. Such adjustment shall be made by the assessors in the manner provided in paragraph three of subdivision one of this section and no application therefor need be filed by or on behalf of any owner of any eligible property.
“(b) If the ratio between the exemption granted under this section and the total assessed value of the real property for which such exemption has been granted increases or decreases due only to a change in the manner of assessing, other than a court ordered full value assessment, in the *63 tax district in which such property is located, the amount of the exemption heretofore or hereafter granted may, pursuant to local law, be increased or decreased in such subsequent year in the same proportion as the total assessed value has been increased or decreased. Such adjustment shall be made by the assessors in the manner provided in paragraph three of subdivision one of this section and no application therefor need be filed by or on behalf of any owner of any eligible property.”
The construction of this statute proffered by petitioners would provide an automatic beneficial, proportionate tax exemption to veterans under subdivision (a) if full value assessment was ordered by a court but, under subdivision (b) would make the same exemption available to veterans who live in municipalities which have voluntarily gone to full value assessment only after formal vote in a permissive referendum. If accepted, this statutory construction could result in a situation in which veterans living in some municipalities which operate on full value assessment would receive a greater tax exemption than veterans who live in other municipalities also subject to full value assessment. In the absence of a clearly defined statutory reason to give some veterans a greater tax exemption than other veterans similarly situated, this court refuses to adopt a statutory construction which could result in differential application of the veterans’ exemption among municipalities which have gone to full value assessment.
The local law at issue here does not change a provision of law relating to assessments of real property because it does not change the procedure or manner of assessment as does a change from “fractional” to “full value” assessments. An exemption statute does not change the procedure and/or manner of assessing. An exemption statute only offers relief from the standard assessment to individuals who demonstrate they qualify as one of the persons in the class eligible for a reduction from the standard assessment. Whether a property owner is exempt from a portion of his real property taxes is a wholly separate issue from the manner or procedure of assessment. An exempt taxpayer’s tax liability is initially computed in the *64 same manner as a nonexempt taxpayer’s liability. The exemption procedure appears to require a second calculation which reduces real property tax liability, but is not related to the initial assessment process. This interpretation of the permissive referendum requirement in section 24 (subd 2, par c) of the Municipal Home Rule Law gives property owners the right to vote on local laws relating to the procedure or manner of assessment but not on local laws which implement an exemption from taxes which is legally permissible under the Real Property Tax Law. This interpretation insures uniformity in the application of the veterans’ exemption in municipalities and also seems to be consistent with removal of the permissive referendum requirement in Assembly Bill No. 9865, and Senate Bill No. 8571 which passed both houses of the State Legislature and was vetoed by Governor Carey on July 1, 1980 for reasons other than elimination of the permissive referendum requirement. Additionally, if the Legislature wished to require a permissive referendum in section 458 (subd 5, par [b]) of the Real Property Tax Law it could have specified that in the statute, but did not.
The court finds no statutory authority or case law to support the petitioners’ view that section 458 of the Real Property Tax Law should be interpreted in such a way as to permit inconsistent application of the veterans’ exemption to similarly situated veterans. In passing, the court finds it is not persuaded by the opinion of SBEA counsel (6 Opns Counsel SBEA No. 110, dated April 25, 1980) because that opinion takes an overbroad view of the words “exemption” and “assessment” and fails to make a proper distinction between the “assessment procedure or manner” which effects all property initially and, the “exemption” statutes which potentially involve only certain taxpayers. Neither SBEA counsel nor this court should make statutory interpretations of tax exemption statutes broadly to permit the possibility of unequal treatment for similarly situated members of the exempt class or to encumber the exemption through local law with a referendum requirement the Legislature tried to eliminate in a bill vetoed by the Governor for reasons other than the fact the bill expressly eliminated the permissive referendum requirement.
*65 Although it has not entered into the legal analysis previously set forth this court is ever mindful of the practical impact of its decisions. To adopt the petitioner’s reasoning and remedy of injunction to block the final completion of the Town’s tax rolls would put the budget process in the town affected here, and potentially in other towns which gave veterans exceptions on the basis of local laws enacted without a permissive referendum, into a state of disarray and confusion. Where possible, this court seeks to avoid legal results which are unwarranted and serve no useful practical purpose.
Accordingly, the court finds the local law should not be declared void for the Town’s failure to provide for a permissive referendum.
B. UNEQUAL PROTECTION OF LAW
Petitioners suggest that the local law giving veterans a larger tax exemption because of full value assessment than they had under fractional assessment constitutes a denial of equal protection because the shift in tax burden becomes “unduly high or discriminatory.” Petitioners also suggest that the greater exemption accorded veterans in 1980 as distinct from 1979 is another example of differential benefits which is unconstitutional as a denial of equal protection of law.
Equal protection attacks on statutes to this court’s knowledge are not lightly entertained because a statute is presumed constitutional unless the discrimination between different classes of citizens “ [has no] relevance to the purpose for which the classification is made” (see, e.g., Matter of Patricia A., 31 NY2d 83, 88). Here the veterans are given a tax benefit presumably because they have offered some portion of their lives in service to the country. This court finds nothing violative of equal protection in giving veterans a benefit not accorded to nonveterans. The degree of benefit would not appear relevant and petitioner has offered neither case or statutory authority to show it is.
Accordingly, this court finds no merit in the equal protection arguments advanced by petitioners.
*66 C. INJUNCTION TO PERMIT FINAL COMPLETION OF ASSESSMENT ROLES
There is no legal basis for injunctive relief given the court’s foregoing legal analysis and, it is, therefore denied.
D. SUMMARY
Accordingly, the court finds no legal basis for relief, and grants the respondents cross motion under CPLR 7804 (subd [f]) to dismiss the petition with prejudice because it fails, as a matter of law, to state a legally cognizable cause of action.