■ In the Matter of Gerald A. Harley et al., Appellants, v Assessor of the Town of Hoosick et al., Respondents. — Appeal from an order of the Supreme Court at Special Term, entered October 11, 1979 in Rensselaer County, which denied petitioners' motion for summary judgment in a proceeding pursuant to article 7 of the Real Property Tax Law. Petitioners are Town of Hoosick property owners who had their properties revalued and their assessments increased by the town assessor for the 1978 assessment roll. They formally protested the increased assessments before the Board of Assessment Review of the Town of Hoosick, and their protests were rejected. Seeking review of this determination of the board, they then commenced the instant proceeding pursuant to article 7 of the Real Property Tax Law, and in their petition they alleged that the Real Property Tax Law was unconstitutional and that the subject assessments were illegal in that, *inter alia,* the descriptions of the properties in question on the assessment roll did not comply with the requirements contained in subdivision 2 of section 502 of

the Real Property Tax Law. Subsequently, their motion for summary judgment was denied by Special Term, and this appeal ensued. We hold that Special Term's order should be reversed. Upon a reading of the transcript of the hearing on petitioners' summary judgment motion, it becomes obvious that the court based its denial of the motion upon its belief that a motion for summary judgment is not available in a proceeding for review under article 7 of the Real Property Tax Law. Such a belief is mistaken, however, and under appropriate circumstances a summary judgment motion may properly be made in an article 7 proceeding *(Matter of Trustees of Sailors' Snug Harbor in City of N.Y. v Tax Comm. of City of N.Y.,* 26 NY2d 444, mot for rearg den 27 NY2d 737). Moreover, while additional fact finding might well be necessary to resolve many of the issues raised by petitioners, it appears that at least two of their contentions, i.e., that the Real Property Tax Law is unconstitutional and that the subject properties were inadequately described on the assessment roll in contravention of subdivision 2 of section 502 of the Real Property Tax Law, could have been properly treated on petitioners' motion for summary judgment and that resolution of one or both of these issues might be dispositive of the entire proceeding (see, e.g., *Matter of Berzal Co. v Hyland,* 74 AD2d 955). Under these circumstances, this matter should be remitted to Special Term for a ruling on the merits of the summary judgment motion (see *Hewlett v Wood,* 67 NY 394). Order reversed, on the law, without costs, and matter remitted to Special Term for further proceedings not inconsistent herewith. Mahoney, P.J., Kane, Main, Mikoll and Yesawich, Jr., JJ., concur.