OPINION OF THE COURT
Harold J. Hughes, J.
In this proceeding respondents move for an order compelling petitioners to submit to examinations before trial and petitioners cross-move for an order pursuant to subdivision 1 of section 720 of the Real Property Tax Law determining upon the pleadings that the assessments under review are illegal and should be stricken from the assessment roll.
Petitioners own real property located in the Town of Taghkanic, New York, which appears on the 1981 assessment roll. In their amended petition they assert that their *641 properties were overvalued and unequally assessed and seek reduction of the assessments upon those grounds and, alternatively, assert that the assessments were illegal by reason of the method of assessment and that, therefore, the assessments should be stricken from the roll. The illegality argument is premised upon a letter, dated May 1, 1981, sent to all Town of Taghkanic property owners by the board of assessors, which states in pertinent part:
“This year we will correct land value inequities. Effective with the assessment roll to be completed by May 1st, 1981, all land values will be as shown below, before exemptions.
“a) All residential or prospective building properties will be assessed at $350 for the first acre on each individual parcel, and $100 for each additional acre.
“b) All other lands will be assessed at $100 an acre.
“As a result, the total assessment of our town will be increased, the tax rate will decrease, and our equalization rate will increase.”
The amended petition asserts a claim under article 7 of the Real Property Tax Law and an additional claim pursuant to CPLR article 78. Petitioners have resisted the oral examinations sought by respondents upon the argument that the illegality can be established from the pleadings and there is no need for disclosure or an evidentiary hearing. Respondents’ positions are that: (1) chapter 1057 of the Laws of 1981, which repealed section 306 of the Real Property Tax Law and replaced it with a new section 305, specifically states that existing assessing methods may continue so long as the assessment is at a uniform percentage of value and therefore the assessment method employed by the Town of Taghkanic has been validated by the Legislature; (2) the methods employed by assessors are not subject to scrutiny or disclosure and petitioners are limited to complaining of their specific assessment and may not attack the precise method employed in arriving thereat; (3) assuming, arguendo, that the method of assessment is illegal, relief should be prospective only; (4) since a hearing will be required to determine the merit of petitioners’ arguments of overevaluation and inequality, respondents *642 are entitled to disclosure; and (5) article 7 of the Real Property Tax Law rather than CPLR article 78 is the exclusive means by which petitioners may proceed.
When taxpayers are not challenging the legality of their own assessments but rather allege the assessor has acted illegally with respect to other parcels on the assessment roll, an article 78 proceeding is an appropriate procedural vehicle since the purpose “of article 7 is to provide an expeditious procedure by which the numerous and expectable challenges by taxpayers of their own assessments can be resolved” (Matter of Dudley v Kerwick, 52 NY2d 542, 549). However, where a taxpayer is alleging illegality not only as to other parcels, but also his own, full relief can be accorded in an article 7 proceeding without the necessity of resort to CPLR article 78 (Matter of Hellerstein v Assessor of Town of Islip, 37 NY2d 1, mot to amend remittitur granted 39 NY2d 920; see, also, Matter of Dudley v Kerwick, supra, pp 548, 549, 550). The Third Department has held that even constitutional attacks on particular sections of the Real Property Tax Law may properly be resolved within the confines of an article 7 proceeding (Matter of Harley v Assessor of Town of Hoosick, 80 AD2d 929, app dsmd 54 NY2d 754). Accordingly, in keeping with petitioners’ request for judgment on the pleadings, dismissal of the second cause of action contained in the amended petition is required.
Petitioners’ request for judgment upon the pleadings is confined solely to the illegality argument and is not made as to the overevaluation or inequality claims. Basically, petitioners contend that either under the old standard of assessment at full value (see Real Property Tax Law, former § 306) or under the language of the recently enacted section 305 of the Real Property Tax Law which requires assessment “at a uniform percentage of value” (L 1981, ch 1057), the assessment of real property must be made in relation to the actual value of the particular piece of property being assessed. Petitioners argue that a method of assessment such as utilized by respondents, which does not take into account the market value of the individual parcels being assessed, is clearly illegal and in contravention of the statute. The court agrees.
*643 Local assessors must arrive at their assessments in conformity with the applicable statutes enacted by the Legislature (Matter of Hellerstein v Assessor of Town of Islip, 37 NY2d 1, supra). Assessment by a method that contravenes the statute is illegal. The method of assessment disclosed by respondents would permit them to assess all property within the town without ever having viewed the property or considered its market value, but instead simply assign an arbitrary figure per acre owned. That method is violative of former section 306 and current section 305 both of which require assessment, whether fractional or full, to be made with respect to the value of the parcel being taxed. When a method of assessment is illegal as a matter of law, summary relief either by judgment on the pleadings or summary judgment is appropriate (Matter of Harley v Assessor of Town of Hoosick, 80 AD2d 929, supra). Petitioners are entitled to a judgment declaring the method of assessment set forth by the respondents in the May 1, 1981 letter to be illegal.
Respondents’ argument that the methods employed by an assessor in arriving at an assessment are not subject to disclosure or scrutiny is, in the ordinary case, correct since the courts accord assessors wide latitude in the performance of their duties (Matter of Merrick Holding Corp. v Board of Assessors of County of Nassau, 45 NY2d 538). Here, however, the assessors have voluntarily publicized their method of assessment and the court cannot simply ignore the illegal method disclosed. The efforts of respondents to keep town residents informed is laudable, but their failure to abide by the mandate of the Real Property Tax Law is not.
The paramount issue remaining is the relief to which petitioners are entitled in view of the finding of illegality. Subdivision 1 of section 720 of the Real Property Tax Law permits assessments to be stricken from the roll upon a finding of illegality. However, the Court of Appeals has made it clear that the disturbing of settled assessment rolls is not in the public interest and in cases of illegality the courts possess the discretion to make the relief prospective only (Matter of Hellerstein v Assessor of Town of Islip, 37 NY2d 1, 13, 14, supra; see, also, New York Public Interest *644 Research Group v Board of Assessment Review of City of Albany, 104 Misc 2d 128, 134, 135). Accordingly, the court will not strike petitioners’ assessments from the roll but will grant prospective relief by directing that in future years the assessors of the Town of Taghkanic not use the method of assessment set forth in the letter of May 1,1981. The court will sever the illegality claim from the overevaluation and inequality claims and allow the latter to proceed to trial. In the absence of any showing of special circumstances, respondents are not entitled to examine petitioners before trial (cf. Matter of Resin Realty Corp. v Lennox, 15 AD2d 794; 22 NYCRR 839.2).
The motion of respondents for an order directing petitioners to submit to oral examinations before trial shall be denied, without costs. The motion of petitioners for judgment on the pleadings pursuant to subdivision 1 of section 720 of the Real Property Tax Law shall be granted, without costs, to the extent of severing the illegality claim from the overevaluation and inequality claims and declaring illegal the method of assessment set forth in exhibit B to the amended petition, and directing that in future years the respondents shall not employ that method of assessment.