OPINION OF THE COURT
Harold J. Hughes, J.
In separate proceedings under article 7 of the Real Property Tax Law, petitioners seek judicial review of the assessment of their real property on the ground it is overvalued by reason of the operation of subdivision 5 of section 458 of the Real Property Tax Law as interpreted by the State Board of Equalization and Assessment (6 Opns of Counsel of St Bd of Equal & Assess No. 67). They also seek a judgment declaring that such statute, as interpreted, is unconstitutional, being in violation of due process of law and equal protection of law.
Petitioners Mortimer and Elizabeth Burrows reside in the Town of Chatham which voluntarily went from 10% *134 valuation to 100% valuation in 1977. Petitioners Walter and Olga Speanburg reside in the Town of Kinderhook which voluntarily went from 17% valuation to 100% valuation in 1973. All petitioners qualify for the veterans’ exemption provided by section 458 of the Real Property Tax Law. Subdivision 5 thereof provides as follows:
“5. (a) If the ratio between the exemption granted under this section and the total assessed value of the real property for which such exemption has been granted increases or decreases due only to a change in the manner of assessing real property by a court ordered full value assessment in the tax district in which such property is located, the amount of the exemption heretofore or hereafter granted shall be increased or decreased in such subsequent year in the same proportion as the total assessed value has been increased or decreased. Such adjustment shall be made by the assessors in the manner provided in paragraph three of subdivision one of this section and no application therefor need be filed by or on behalf of any owner of any eligible property.
“(b) If the ratio between the exemption granted under this section and the total assessed value , of the real property for which such exemption has been granted increases or decreases due only to a change in the manner of assessing, other than a court ordered full value assessment, in the tax district in which such property is located, the amount of the exemption heretofore or hereafter granted may, pursuant to local law, be increased or decreased in such subsequent year in the same proportion as the total assessed value has been increased or decreased. Such adjustment shall be made by the assessors in the manner provided in paragraph three of subdivision one of this section and no application therefor need be filed by or on behalf of any owner of any eligible property.”
Paragraph (a) of subdivision 5 provides an automatic proportionate tax exemption to veterans residing in a tax district where the change to full value assessment was court ordered, while paragraph (b) would give the same exemption to veterans living in tax districts where the change was voluntary only if the tax district so provides by local law. After the enactment of subdivision 5 of section *135 458, counsel for the State Board of Equalization and Assessment issued an opinion that paragraph (b) of subdivision 5 operates prospectively, and that the only tax districts that could pass local laws giving veterans the same increase in exemption provided for in paragraph (a) were those tax districts that changed to full value assessment after May 24, 1979. Petitioners allege that although both the Town of Kinderhook and the Town of Chatham desire to enact such a local law, they have been prevented from doing so because of the opinion of the counsel for the State Board of Equalization and Assessment.
Respondents initially moved to dismiss the petitions upon the grounds that: (1) petitioners could not challenge the constitutionality of subdivision 5 of section 458 of the Real Property Tax Law in the context of an article 7 proceeding; (2) the State of New York was not a proper party to the proceeding; and (3) an advisory opinion of the State Board of Equalization and Assessment could not be challenged in an article 7 proceeding. Although this court is of the opinion that a declaratory judgment action rather than an article 7 proceeding would be the appropriate vehicle for a constitutional attack upon a statute, Matter of Harley v Assessor of Town of Hoosick (80 AD2d 929) holds that an article 7 proceeding is a proper procedural vehicle to challenge the constitutionality of a section of the Real Property Tax Law. Accordingly, in the decision of November 10, 1981 the court allowed the litigation to remain in the article 7 form except for converting that portion of the proceedings challenging the advisory opinion of the State board to an article 78 proceeding. Additionally, this court held that the State was a proper party to the action citing the decision in Cass v State of New York (109 Misc 2d 107). Since that time Cass has been reversed (88 AD2d 305) and the Third Department has held that the State is not a proper defendant in an action seeking to declare legislation unconstitutional as violating the equal protection clause. The court will grant summary judgment to the State of New York dismissing all claims against it.
Turning to the present motion, petitioners contend that subdivision 5 violates the equal protection clauses of the United States Constitution and the New York State Con *136 stitution by treating members of the same class, i.e., veterans, differently without a rational basis for so doing. The contention is that the fortuitous circumstance of living in a tax district where full valuation was court ordered rather than voluntary is not a sufficient basis to make the legislative classification contained in the challenged statute. The petitioners further contend that the interpretation given to the statute by counsel for the State Board of Equalization and Assessment is arbitrary and capricious. Respondents take the position that petitioners have not overcome the presumption that the legislation is constitutional. More particularly, respondents argue that the Legislature has made a permissible distinction between tax districts based upon geographic considerations, without articulating those geographic considerations to the court.
The addition of subdivision 5 to section 458 of the Real Property Tax Law by chapter 134 of the Laws of 1979 was, to a great extent, a direct result of the decision in Matter of Hellerstein v Assessor of Town of Islip (37 NY2d 1) which held that section 306 of the Real Property Tax Law required that all real property be assessed at full value. Prior to Hellerstein, many of the tax districts throughout the State followed the custom of fractional assessments which, in many instances, permitted veterans such as petitioners who were eligible for the up to maximum $5,000 exemption to avoid payment of local real property taxes. Subsequent to Hellerstein, many local taxing authorities voluntarily complied by converting to full value assessment, and were aided in this endeavor by interim legislation allowing continued fractionalized assessments until full value assessment could be properly implemented (see Matter of Slewett & Farber v Board of Assessors of County of Nassau, 54 NY2d 547, 553, 554).* Other local taxing authorities were recalcitrant and were ordered to reassess.
Whichever way the change to full value assessment came about, it reduced the value of the veterans’ exemptions provided by section 458. For instance, prior to converting to full value assessment the Town of Chatham *137 assessed at 10% of value and while petitioners Burrows’ real property was assessed at $4,000, their veterans’ exemption was $5,000. After going to full value assessment, Burrows’ property was assessed at $40,000 while the amount of the veterans’ exemption was not changed. The legislative history, as exhibited by the legislative debate and various memoranda of the Governor and the bill’s sponsors, establishes that subdivision 5 was added to maintain the status quo on a temporary basis until the Legislature could address in a comprehensive manner the aftermath of Hellerstein (see L 1979, ch 134, § 2). Subsequently, section 306 of the Real Property Tax Law mandating full value assessment was repealed and fractional assessment at a uniform percentage of value was authorized (L 1981, ch 1057, § 1). In the same legislation, subdivision 5 of section 458 of the Real Property Tax Law had its expiration date extended until August 30,1983 (L 1981, ch 1057, § 15).
In considering the equal protection challenge it is apparent that this is not a case where the “strict scrutiny” test will be applied, but rather the rational basis test (Montgomery v Daniels, 38 NY2d 41, 59, 60, 61). “[T]he traditional test for a denial of equal protection under State law is ‘whether the challenged classification rests on grounds wholly irrelevant to the achievement of a valid state objective’” (Matter of Abrams v Bronstein, 33 NY2d 488, 492). With respect to legislative classifications based upon geographical considerations they will be upheld if any state of facts can be reasonably conceived to justify the classification (Cass v State of New York, 88 AD2d 305, supra). However, “‘“[w]hile distinctions based on geographical areas are not, in and of themselves, violative of the Fourteenth Amendment * * * a state must demonstrate * * * that the classification is neither capricious nor arbitrary but rests upon some reasonable consideration of difference or policy” ’ ” (Weissman v Evans, 56 NY2d 458, 465). The party attacking the legislative enactment must meet a heavy burden to overcome the presumption of constitutionality (Matter of American Bible Soc. v Lewisohn, 40 NY2d 78, 86).
*138 In this case, we are not truly dealing with a classification based upon geographical consideration since the difference in treatment of veterans between paragraphs (a) and (b) of subdivision 5 is determined by whether the tax district in which the veterans reside adopted full value assessment by court order or voluntarily. Thus, the question before this court is whether it can conceive of any rational basis for treating veterans differently based upon whether the conversion to full value assessment by their local tax district was by court order or voluntary.
Subdivision 5 of section 458 of the Real Property Tax Law was considered by Mr. Justice Weiss within the context of an equal protection challenge in Matter of Archer v Town of North Greenbush (105 Misc 2d 60, 65). In that case the petitioners pressed a construction of the statute which “could result in a situation in which veterans living in some municipalities which operate on full value assessment would receive a greater tax exemption than veterans who live in other municipalities also subject to full value assessment” (supra, p 63). Justice Weiss found such a result intolerable, stating (pp 63, 64):
“In the absence of a clearly defined statutory reason to give some veterans a greater tax exemption than other veterans similarly situated, this court refuses to adopt a statutory construction which could result in differential application of the veterans’ exemption among municipalities which have gone to full value assessment * * *
“The court finds no statutory authority or case law to support the petitioners’ view that section 458 of the Real Property Tax Law should be interpreted in such a way as to permit inconsistent application of the veterans’ exemption to similarly situated veterans”.
The Archer determination was modified on a technical ground but, speaking for an unanimous court, Mr. Justice Sweeney stated, “[W]e agree with the grounds for dismissal set forth by Special Term” (Matter of Archer v Town of North Greenbush, 80 AD2d 361, 364). Against that backdrop this court cannot conceive of any state of facts that would justify distinguishing between veterans based solely upon whether the tax districts in which they reside went to full value assessment by court order or voluntarily.
*139 The court will grant petitioners judgment declaring unconstitutional as violative of the equal protection clause that portion of subdivision 5 of section 458 of the Real Property Tax Law which requires the passage of a local law in order for some veterans to gain the exemption permitted to other veterans who by circumstance reside in a tax district where full value assessment was made pursuant to court order and shall direct the respondent assessors to change the petitioners’ assessments accordingly and direct a reduction of assessments and a refund of the amount of taxes paid by them in excess of the amount which would have been paid had the assessments been originally made as directed herein, with interest from the date of payment of the taxes. The relief sought with respect to the opinion of the counsel of the State Board of Equalization and Assessment has been rendered moot and the proceedings shall be dismissed against that respondent.
The petitions will be granted to the extent stated in this decision, without costs.

 Of course, some tax districts such as respondent Town of Kinderhook had voluntarily complied with the legislative mandate of section 306 of the Real Property Tax Law even prior to the Hellerstein decision.